## MARTINTON v. FAIRBANKS.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

Submitted December 15, 1884.—Decided January 5, 1885.

When there is no demurrer to the declaration, or other exception to the sufficiency of the pleadings, no exception to the rulings of the court in the progress of the trial, in the admission or exclusion of evidence, or otherwise, no request for a ruling upon the legal sufficiency or effect of the whole evidence, or no motion in arrest of judgment, and the only matter presented by the bill of exceptions which this court is asked to review arises upon the exception to the general finding by the court for the plaintiff upon the evidence adduced at the trial, no question of law is presented which this court can review.

This suit was brought by the defendant in error, as plaintiff below, to recover of the plaintiff in error, a municipal corporation, the amount of certain coupons on bonds issued in payment of a subscription to stock in a railroad corporation. The case was tried before the judge without the intervention of a jury. There was a general finding of facts and a judgment for the plaintiff below, and a general bill of exceptions by the defendant, which incorporated all the evidence. The defendant sued out this writ of error. This and the other facts raising the question of jurisdiction appear in the opinion of the court.

*Mr. Robert Doyle* for plaintiff in error.

*Mr. Thomas S. McClelland* and *Mr. George A. Sanders* for defendant in error.

Mr. JUSTICE WOODS delivered the opinion of the court.

Two actions of assumpsit were brought by Fairbanks, the defendant in error, against the town of Martinton, the plaintiff in error. One action was brought upon what the declaration alleges to be "certain instruments in writing called promissory notes or bonds or railroad bonds" made and issued by the town. They were not under seal and were payable to bearer. The other was based on the coupons or interest warrants, also

not under seal, which had belonged to and had been detached from the said bonds. The declaration in both cases was in the form used in the action of assumpsit. The plea in both cases was the general issue. The two suits were, by the agreement of the parties and consent of the court, consolidated and tried together. The parties filed with the clerk a stipulation in writing, by which they waived a trial by jury.

The causes were thereupon tried by the court as one case, and its action was thus stated upon the record: "After hearing the evidence, the court finds the issue for the plaintiff, and assesses his damages at eleven thousand two hundred and nine dollars." Upon this finding the court entered judgment for the plaintiff for the damages so assessed.

During the trial a bill of exceptions was taken which simply set out all the evidence in the case, and closed as follows: "Which was all the evidence offered in said causes; on which evidence the court found for the plaintiff in the sum of $11.209, and entered judgment accordingly, to all of which said defendant then and there excepted. And, as said facts aforesaid do not appear of record, this bill of exceptions is prepared, and we ask that the judge may sign and seal the same, and it is done accordingly."

There was no demurrer to the declaration or other exception to the sufficiency of the pleadings, no exception to the rulings of the court in the progress of the trial, in the admission or exclusion of evidence, or otherwise, no request for a ruling upon the legal sufficiency or effect of the whole evidence, and there was no motion in arrest of judgment. The only matter presented by the bill of exceptions which this court is asked to review arises upon the exception to the general finding by the court for the plaintiff upon the evidence adduced at the trial. The defendant in error insists that, upon this state of the record, no question of law is presented which the court here can review.

We think this contention is well founded. The provisions of the acts of Congress which relate to the trial of issues of fact by the court are found in the act of September 24, 1789, "An Act to establish the judicial courts of the United States," 1

Stat. 73, ch. 20, § 22, and in the act of March 3, 1865, "An Act regulating proceedings in criminal cases, and for other purposes," 13 Stat. 500, ch. 86, § 4. The provision in the act of 1789 is reproduced in § 1011 of the Revised Statutes as follows: "There shall be no reversal in the Supreme Court or in a Circuit Court upon a writ of error . . . for any error of fact." The provisions of the act of 1865 are reproduced in §§ 649, 700 of the Revised Statutes, as follows: SEC. 649. "Issues of fact in civil cases in any Circuit Court may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury." SEC. 700. "When an issue of fact in any civil cause in a Circuit Court is tried and determined by the court without the intervention of a jury, according to section six hundred and forty-nine, the rulings of the court in the progress of the trial of the cause, if excepted to at the time and duly presented by a bill of exceptions, may be reviewed by the Supreme Court upon a writ of error or upon appeal; and, when the finding is special, the review may extend to the determination of the sufficiency of the facts found to support the judgment."

The provision of § 1011 Revised Statutes continues in force and forbids a reversal of the judgment of the Circuit Court for any error of fact. Upon the issues of fact raised by the pleadings in this case there was a general finding for the plaintiff. The defendant contends that the evidence submitted to the court did not justify this general finding. But, if the finding depends upon the weighing of conflicting evidence, it was a decision on the facts, the revision of which is forbidden to this court by § 1011. If the question was whether all the evidence was sufficient in law to warrant a finding for the plaintiff, he should have presented that question, by a request for a definite ruling upon that point.

§§ 649 and 700 were first fully construed by this court in *Norris* v. *Jackson*, 9 Wall. 125. The court in that case, speak-

ing by Mr. Justice Miller, laid down the following propositions: "(1) If the verdict be a general verdict, only such rulings of the court, *in the progress of the trial,* can be reviewed as are presented by bill of exceptions, or as may arise on the pleadings; (2) in such cases a bill of exceptions cannot be used.to bring up the whole testimony for review any more than in a trial by jury; (3) that if the parties desire a review of the law involved in the case, they must either get the court to find a special verdict, which raises the legal propositions, or they must present to the court their propositions of law, and require the court to rule on them; (4) that objection to the admission or exclusion of evidence, or to such ruling on the propositions of law as the party may ask, must appear by bill of exceptions." These propositions have been persistently adhered to by this court. Thus, in *Miller* v. *Life Insurance Co.*, 12 Wall. 285, 297, it was said : "The finding of the court, if general, cannot be reviewed in this court by bill of exceptions or in any other manner."

In *Insurance Co.* v. *Folsom*, 18 Wall. 237, the court said: "Where the finding is general the parties are concluded by the determination of the court, except in cases where exceptions are taken to the rulings of the court in the progress of the trial. . . . Where a case is tried by the court without a jury, the bill of exceptions brings up nothing for revision except what it would have done had there been a jury trial."

So in *Cooper* v. *Omohundro*, 19 Wall. 65, this court, affirming the case last cited, held that "where issues of fact are submitted to the Circuit Court, and the finding is general, nothing is open to review . . . except the rulings of the Circuit Court in the progress of the trial, and the phrase 'rulings of the court in the progress of the trial' does not include the general finding of the Circuit Court, nor the conclusions of the Circuit Court embodied in such general finding." See also *Town of Ohio* v. *Marcy*, 18 Wall. 552; *Insurance Co.* v. *Sea*, 21 Wall. 158; *Jennisons* v. *Leonard*, 21 Wall. 302; *Tyng* v. *Grinnell*, 92 U. S. 467; *The Abbottsford*, 98 U. S. 440; *Otoe County* v. *Baldwin*, 111 U. S. 1.

The proposition that the general finding of the court in this

case is open to review is in direct opposition to the rulings of the court in the cases cited. The plaintiff in error seeks to make the question whether the evidence set out in the bill of exceptions justified the finding by the court for the plaintiff of the issue of fact raised by the pleadings. This is, in defiance of the decision of this court that it cannot be done, an attempt upon a general finding to bring up the whole testimony for review by a bill of exceptions.

The theory of the plaintiff in error seems to be that the general finding in this case, like a general verdict, includes questions of both law and fact, and that, by excepting to the general finding, he excepts to such conclusions of law as the general finding implies. But § 649 Revised Statutes provides that the finding of the court, whether general or special, shall have the same effect as the verdict of a jury. The general verdict of a jury concludes mixed questions of law and fact, except so far as they may be saved by some exception which the party has taken to the ruling of the court upon a question of law. *Norris* v. *Jackson*, *ubi supra*. But the plaintiff in error has taken no such exception. By excepting to the general finding of the court, it is in the same position as if it had submitted its case to the jury, and, without any exceptions taken during the course of the trial, had, upon a return of the general verdict for the plaintiff, embodied in a bill of exceptions all the evidence, and then excepted to the verdict because the evidence did not support it.

The provision of the statute, that the finding of the court shall have the same effect as the verdict of a jury, cuts off the right of review in this case. For the Seventh Amendment to the Constitution of the United States declares that "no fact tried by a jury shall be otherwise re-examined in any court of the United States, than according to the rules of the common law." The only methods known to the common law for the re-examination of the facts found by a jury are, either by a new trial granted by the court in which the issue had been tried, or by the award of a *venire facias de novo* by the appellate court for some error of law. *Insurance Co.* v. *Folsom*, *ubi supra*. The court below having made a general finding, which

by the statute has the same effect as the verdict of a jury, the plaintiff in error can resort to no other means of redress than those open to it had the case been tried by a jury and a general verdict rendered.

But the very question now under discussion was decided by this court adversely to the views of the plaintiff in error in the case of *Coddington* v. *Richardson,* 10 Wall. 516. In that case a jury was waived under the act of March 3, 1865, by stipulation in writing, "and all just and legal objections and exceptions which might be made was reserved by each party." The court found the issue for the plaintiff and assessed his damages at $5,000. The defendant moved for a new trial, but his motion was overruled by the court, and judgment was entered on the finding against the defendant. He took a bill of exceptions which set out all the evidence and showed that he excepted to the rulings of the court in finding the issue for the plaintiff, in assessing the plaintiff's damages, in overruling the motion for a new trial, and in rendering judgment. No exceptions were taken during the course of the trial. Upon this state of the record this court said: "There is no question of law arising upon the pleadings or the trial. Those attempted to be raised refer to the evidence, as embodied in the record, but which, in a trial of the facts before the court, a jury being waived, we do not look into. We look into them only when found by the court."

The statute under consideration could have no other reasonable construction. Prior to the enactment of the act of March 3, 1865, it was held by this court that "when the case is submitted to the judge to find the facts without the intervention of a jury, he acts as a referee by consent of the parties, and no bill of exceptions will lie to his reception or rejection of testimony, nor to his judgment on the law," *Weems* v. *George,* 13 How. 190; and that "no exception can be taken where there is no jury and where the question of law is decided in delivering the final judgment of the court." *United States* v. *King,* 7 How. 832, 853. See also *Craig* v. *The State of Missouri,* 4 Pet. 410, 427.

§ 4 of the act of March 3, 1865, was passed to allow the

parties, where, a jury being waived, the cause was tried by the court, a review of such rulings of the court in the progress of the trial as were excepted to at the time, and duly presented by bill of exceptions, and also a review of the judgment of the court upon the question whether the facts specially found by the court were sufficient to support its judgment. In other respects the old law remained unchanged. In the present case the bill of exceptions presents no ruling of the court made in the progress of the trial, and there is no special finding of facts. The general finding is conclusive of the issues of fact against the plaintiff in error, and there is no question of law presented by the record of which the court can take cognizance.

It follows that

*The judgment of the Circuit Court must be affirmed; and it is so ordered.*

The cases, *The Town of Sheldon* v. *C. W. Day* and *The Town of Sheldon* v. *J. H. Fairbanks,* both in error to the Circuit Court of the United States for the Northern District of Illinois, are, in all respects, similar to the case just decided.

*The judgments in these cases must, therefore, be affirmed; and it is so ordered.*