## EUREKA COUNTY BANK v. CLARKE.

### (Circuit Court of Appeals, Ninth Circuit. May 2, 1904.)

### No. 1,002.

1. APPEAL—FINDINGS—OPINION OF TRIAL COURT—ASSIGNMENTS OF ERROR.

   The opinion of the trial court, as distinguished from its findings and decision, is not a proper subject for an assignment of errors.

2. SAME—FINDINGS OF FACT—REVIEW.

   Where an action at law is tried by the court without a jury, the appellate court is precluded from weighing the evidence for the purpose of determining whether or not the court's findings were justified thereby, unless there was no evidence whatever to support the findings.

3. SAME—CONVERSION.

   Where, in an action for conversion of certain stock, defendant's answer expressly denied plaintiff's title, and alleged defendant's possession of the stock and dividends, and its refusal to surrender them to plaintiff, and the court found that the defendant had "converted" such stock and dividends to its own use, the finding was a sufficient finding that defendant was in possession of the stock and dividends, and that it denied and acted in defiance of plaintiff's title.

In Error to the Circuit Court of the United States for the District of Nevada.

For opinion below, see 123 Fed. 922.

Cheney, Massey & Smith and William H. Metson, for plaintiff in error.

N. Soderberg, Alfred Chartz, and J. Emmett Walsh, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This was an action for the conversion of certain shares of stock, together with the accrued dividends thereon, and was, by the stipulation of the respective parties, tried before the court without a jury, resulting in findings and judgment in favor of the plaintiff below (the defendant in error here). In the brief of counsel for the plaintiff in error (defendant below) it is said that the findings of fact were not made by the trial court until after it had given its judgment, for which reason it is contended that the judgment must be reversed. The record does not sustain this statement of counsel. It is true that the dates appended to the findings and judgment, respectively, would indicate that such was the fact, but the judgment itself declares that the findings of fact and conclusions of law were already of record, and that in pursuance thereof the judgment was rendered.

The 6th, 7th, 8th, 9th, 10th, 11th, 12th, and 13th assignments of error are leveled at the opinion of the court below, which is a very different thing from its findings and decision. Houston v. Williams, 13 Cal. 24, 73 Am. Dec. 565; Thomas v. Tanner, 14 How. Prac. 426. The reasons for the decision of a court do not constitute a proper subject for an assignment of errors.

The 1st, 2d, 3d, and 4th assignments are simply to the effect that the court below erred in making its respective findings of fact, and the 5th assignment is simply that the court erred in ordering judgment in favor of the plaintiff upon those findings. There is no assignment calling in question any ruling of the trial court in respect to the admission or rejection of evidence, nor any of its decisions during the trial. In effect, the assignments only are that the court below erred in finding, in accordance with the allegations of the complaint, that on the 15th day of April, 1902, the plaintiff was the owner and entitled to the possession of the shares of stock in question, and the dividends theretofore accrued thereon, and that on the same day the plaintiff demanded of the defendant the delivery of the stock and the payment of the accrued dividends, and that the defendant wrongfully converted the stock and dividends to its own use, by reason of which conversion there was due from the defendant to the plaintiff the sum of $11,251.75, and in ordering judgment to be entered in favor of the plaintiff and against the defendant for that amount, with legal interest and costs of suit. In what respect the court so erred, if at all, is not undertaken to be specified in the assignment of errors.

It is well settled that in an action at law the findings of fact made by the court, where the action is tried without a jury, stand upon the same basis as a verdict, and that the appellate court is precluded from weighing the evidence for the purpose of determining whether or not the findings of fact were justified by it. Hepburn v. Dubois, 12 Pet. 344, 9 L. Ed. 1111; Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321, 28 L. Ed. 862; Lancaster v. Collins, 115 U. S. 222, 6 Sup. Ct. 33, 29 L. Ed. 373; Dooley v. Pease, 180 U. S. 126, 21 Sup. Ct. 329, 45 L. Ed. 457; Ward v. Joslin, 186 U. S. 142, 22 Sup. Ct. 807, 46 L. Ed. 1093; Case Mfg. Co. v. Soxman, 138 U. S. 431, 11 Sup. Ct. 360, 34

L. Ed. 1019; Hathaway v. First National Bank, 134 U. S. 494, 10 Sup. Ct. 608, 33 L. Ed. 1004.

If there be no evidence at all to support the findings of fact made by the trial court, such findings would, as matter of law, be erroneous.

In the case of The Francis Wright, 105 U. S. 381, 387, 26 L. Ed. 1100, the court said:

"It is undoubtedly true that if the Circuit Court neglects or refuses, on request, to make a finding one way or the other on a question of fact material to the determination of the cause, when evidence has been adduced on the subject, an exception to such refusal, taken in time and properly presented by a bill of exceptions, may be considered here on appeal. So, too, if the court, against remonstrance, finds a material fact which is not supported by any evidence whatever, and an exception is taken, a bill of exceptions may be used to bring up for review the ruling in that particular. In the one case the refusal to find would be equivalent to a ruling that the fact was immaterial; and in the other, that there was some evidence to prove what is found, when in truth there was none. Both these are questions of law, and proper subjects for review in an appellate court. But this rule does not apply to mere incidental facts, which only amount to evidence bearing upon the ultimate facts of the case. Questions depending on the weight of evidence are, under the law as it now stands, to be conclusively settled below, and the fact in respect to which such an exception may be taken must be one of the material and ultimate facts on which the correct determination of the cause depends."

It is true that that was a cause in admiralty, but no reason is perceived why what was there said in respect to findings of fact is not equally applicable to an action at law tried by the court without the intervention of a jury. And in the case of Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321, 28 L. Ed. 862, which was an action at law tried before the judge without a jury, it was held that when there is no demurrer to the declaration, or other exception to the sufficiency of the pleadings, no exception to the ruling of the court in the progress of the trial in the admission or exclusion of evidence, or otherwise, no request for a ruling upon the legal sufficiency or effect of the whole evidence, and no motion in arrest of judgment, and the only matter presented by the bill of exceptions which the appellate court was asked to review arose upon the exception to the general finding by the court for the plaintiff upon the evidence adduced at the trial, no question of law was presented which the Supreme Court could review.

Nor is the contention that there was no evidence at all to support the findings presented to this court by the assignment of errors, and, if it were, it would not, we think, be difficult to show that such contention is not well founded.

It is also insisted on the part of the plaintiff in error that the findings of fact do not support the judgment given; that there is no finding that the defendant was ever in possession of the stock and dividends, nor that it denied or acted in defiance of plaintiff's title, nor that there was any assertion of title in itself; that the finding to the effect that the defendant refused to deliver to the plaintiff the stock and dividends after demand made was but evidence of the ultimate fact which the law denominates a conversion; and at the same time it is contended on behalf of the plaintiff in error that the finding to the effect that the defendant did convert the stock and dividends in question to its own use was not a finding of fact, but a pure conclusion of law. The answer to these

contentions of the plaintiff in error is that in its answer filed in the cause it expressly denied the plaintiff's alleged title, and expressly alleged its own possession of the stock and dividends, and its refusal to turn them over to the plaintiff. Moreover, the word "conversion," by a long course of practice, has, as was held by the court in Burroughs v. Bayne, 5 Hurl. & N. 296, "acquired a technical meaning. It means detaining goods so as to deprive the person entitled to the possession of them of his dominion over them." The finding, therefore, of the court below, to the effect that the defendant converted the stock and dividends in question to its own use, means that it deprived the plaintiff, whom the court found to be the owner and entitled to the possession of the property, of her dominion over it.

The judgment is affirmed.