## CONTINENTAL GIN CO. et al. v. MURRAY CO.

(Circuit Court of Appeals, Third Circuit. June 8, 1908.)

### No. 37.

**1. APPEAL AND ERROR—MODE OF REVIEW—CONVICTION FOR CONTEMPT.**

An order of a Circuit Court adjudging a contempt for violation of an injunction against infringement of a patent, and imposing a punitive fine payable to the United States, is reviewable by the Circuit Court of Appeals on writ of error, but upon such writ only matters of law appearing on the record can be considered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 15; vol. 3, Appeal and Error, §§ 3441–3445.]

**2. SAME—RECORD—EVIDENCE.**

In the absence of a finding of facts, a special verdict, or a request for a ruling on the facts and bill of exceptions, the evidence taken in a Circuit Court is no part of the record, and therefore cannot be considered by the appellate court on a writ of error.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 2367.]

In Error to the Circuit Court of the United States for the District of Delaware.

See 126 Fed. 533; 141 Fed. 126; 149 Fed. 989.

Melville Church, for plaintiff in error.

Oliver Mitchell, for defendant in error.

Before MOODY, Circuit Justice, and DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

MOODY, Circuit Justice. The defendant in error, the Murray Company, brought suit against the plaintiff in error, the Continental Gin Company, in the Circuit Court for the District of Delaware, alleging infringement of patents. In obedience to the mandate of this court (149 Fed. 989), the Circuit Court entered an interlocutory decree for the Murray Company against the Continental Company for an injunction and account. Of this decree the other plaintiffs in error had due notice. The injunction commanded the defendants, its agents, officers, and servants, to desist from making, using, or selling,

or causing to be made, used, or sold, the articles with respect to which infringement was alleged. Subsequently, on motion of the Murray Company, these plaintiffs in error were adjudged by the Circuit Court guilty of contempt for disobedience of the injunction, and ordered to pay a fine of $250 to the use of the United States, $500 to the complainants as counsel fee, and the cost of the proceeding. This order was stayed, upon the giving of bond, pending appeal. Thereupon a writ of error was sued out, and assignments of error were filed. Upon this writ the cause is now before us. The second, third, and fourth assignments of error were not argued, and are deemed to be waived. The other assignments are as follows:

"First. That the court erred in adjudging the plaintiffs in error to be in contempt of the injunction order issued in said equity cause. * * *

"Fifthly. That the court erred in not discharging the rule to show cause issued against the plaintiffs in error, and in not dismissing the petition for said rule.

"Sixthly. That the court erred in not holding that the sale of apparatus, alleged to have been made in violation of the said injunction order, with a sale of apparatus purchased of a lawful licensee under the Murray patent, No. 472,607, in suit, and therefore a lawful sale, violative of no right of the complainant in said equity suit.

"Seventhly. That the court erred in adjudging that the facts disclosed by the record constituted in law a violation by the plaintiffs in error of the injunction order issued in said cause.

"Eighthly. That the court erred in adjudging that the purchase by the plaintiffs in error of the apparatus complained of from a lawful licensee of the Murray patent, No. 472,607, to wit, to Smith Sons Gin & Machine Company, constituted in law, a violation of the injunction order in said cause.

"Ninthly. That the court erred in adjudging that Smith Sons Gin & Machine Company, from which the plaintiffs in error purchased the apparatus complained of, was not a subsisting corporation.

"Tenthly. That the court erred in adjudging that Smith Sons Gin & Machine Company, from which the plaintiffs in error purchased the apparatus complained of, was not the holder of a lawful license to manufacture and sell under the Murray patent, No. 472,607, in suit.

"Eleventhly. That the court erred in adjudging that Smith Sons Gin & Machine Company, from which the plaintiffs in error purchased the apparatus complained of, did not manufacture said apparatus by virtue of a lawful license under the Murray patent, No. 472,607, in suit at its plant at Birmingham (Avondale) Alabama."

It is settled that a judgment like this may be reviewed in this court by writ of error. Matter of Christenson Engineering Co., 194 U. S. 458, 24 Sup. Ct. 729, 48 L. Ed. 1072. But upon that writ only matters of law can be considered. Bessette v. W. B. Conkey Company, 194 U. S. 324, 24 Sup. Ct. 665, 48 L. Ed. 997. The assignments of error argued before us seem chiefly, to say the least, to deal with matters of fact. Where, upon a writ of error, the plaintiff in error sought to review the facts, the Supreme Court has recently said:

"But this overlooks the vital distinction between appeals and writs of error, which has always been observed by this court, and recognized in legislation. An appeal brings up question of fact as well as of law, but upon a writ of error only questions of law apparent on the record can be considered, and there can be no inquiry whether there was error in dealing with questions of fact." Behn v. Campbell, 205 U. S. 403, 407, 27 Sup. Ct. 502, 504, 51 L. Ed. 857.

We will not, however, delay to determine whether the assignments of error can all be disposed of on this principle, though clearly many;

and perhaps all, of them, are nothing but attempts to review the decisions of fact made by the judge of the court below. There is, however, an even more fundamental difficulty in this cause. There is no record in the proper sense of the word in which the assignment of error can be applied. The cause was heard in the Circuit Court upon affidavits, with exhibits attached. There was no finding of facts, nothing in the nature of a special verdict, no request for a ruling upon the facts, nor upon any question of law, and no bill of exceptions. There was a general finding made by the court "that the said defendants are in contempt of the injunction order heretofore issued in this cause." In a case where the trial court set aside its judgment, rendered and satisfied 17 years before, the Supreme Court, with expressed hesitation, looked into the affidavits, saying:

"As the order setting aside the original judgment refers to the notice of motion and annexed affidavits as the foundation of that order, and identifies those papers as they are found in the transcript, we are of opinion that they may be considered as part of the record, so far as the question of the authority of the court to make that order is involved." Bronson v. Schulten, 104 U. S. 410, 413, 26 L. Ed. 797.

"Looking to those affidavits, in connection with what is more strictly a part of the record," the court held that the order after the term had expired was beyond the authority of the court.

It is true that in the case at bar the judgment recited that the cause was heard "upon affidavits in support of and opposition to" the motion, but the affidavits were not, as in the case cited, specifically identified. We think this, together with the agreement of the parties to print the affidavits in the record, is not enough to take the case out of the general rule that, in the absence of finding of facts, a special verdict, or a request for ruling, and a bill of exceptions, the evidence taken in the court is no part of the record. In Suydam v. Williamson, 20 How. 427, 433, 15 L. Ed. 978, it was said:

"Evidence, whether written or oral and whether given to the court or the jury, does not become a part of the record, unless made so by some regular proceeding at the time of the trial and before the rendition of the judgment." England v. Gebhardt, 112 U. S. 502, 5 Sup. Ct. 287, 28 L. Ed. 811; Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321, 28 L. Ed. 862; Baltimore & Potomac R. R. Co. v. Trustee, 91 U. S. 127, 130, 23 L. Ed. 260.

Applying this rule to the record, it leaves nothing in it except the motion for attachment, the order to show cause, and the judgment. Upon this record no error appears.

In conclusion, we think it not unfitting to say that, if we had felt at liberty judicially to examine the affidavits contained in the transcript, we should not have considered ourselves warranted in reversing the finding of the circuit court.

Judgment affirmed.