## GULF, C. & S. F. RY. CO. v. CLEMENT GRAIN CO., et al.

(Circuit Court of Appeals, Fifth Circuit. November 16, 1920.)

No. 3580.

Appeal and error ⚖═265(1)—Exceptions necessary to review finding of court.

Where an action at law is tried to the court without a jury, pursuant to Rev. St. § 649 (Comp. St. § 1587), a general finding by the court is not reviewable, in the absence of exception to a ruling made in the progress of the trial.

In Error to the District Court of the United States for the Western District of Texas; Duval West, Judge.

Action at law by the Gulf, Colorado & Santa Fé Railway Company against the Clement Grain Company and B. E. Clement. Judgment for defendants, and plaintiff brings error. Affirmed.

Nat Harris, of Waco, Tex. (Allan D. Sanford, of Waco, Tex., and O. B. Wigley, Terry, Cavin & Mills and G. B. Ross, all of Galveston, Tex., on the brief), for plaintiff in error.

J. W. Cocke, of Waco, Tex. (Davis & Cocke, of Waco, Tex., on the brief), for defendants in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. Plaintiff in error railway company sued defendants in error to recover certain switching charges. There was a general denial and certain affirmative pleas. A jury was waived by written stipulation, and the court found for defendants in error.

The finding of the court in a trial without a jury may be either general or special, and has the same effect as a verdict. R. S. § 649 (Comp. St. § 1587); U. S. v. U. S. Fidelity Co., 236 U. S. 512, 35 Sup. Ct. 298, 59 L. Ed. 696. In this instance the finding was general. No special finding was asked; and none was made.

A finding, whether general or special, cannot be reviewed on writ of error, in the absence of exception to a ruling made in the progress of the trial. R. S. § 700 (Comp. St. § 1668); St. Louis v. Western Union Telegraph Co., 166 U. S. 388, 17 Sup. Ct. 608, 41 L. Ed. 1044; Wilson v. Merchants' Loan & Trust Co., 183 U. S. 121, 22 Sup. Ct. 55, 46 L. Ed. 113. No exception was taken to any ruling of the court.

The judgment is therefore affirmed.