### BLUMENFELD v. MOGI & CO.

(Circuit Court of Appeals, Fifth Circuit. December 19, 1923.)

No. 4145.

1. Appeal and error ⬅➡850(2)—General finding of court not reviewable.

In a trial without a jury under Rev. St. §§ 649, 700 (Comp. St. §§ 1587, 1668), a general finding is the equivalent of a verdict, and is not reviewable on writ of error, even though excepted to by the party against whom it was rendered.

2. Appeal and error ⬅➡237(2)—Motion for judgment during trial necessary predicate to review sufficiency of evidence.

In a trial without a jury, to present for review the question whether the evidence is sufficient to support the judgment, the complaining party must, before the judgment is rendered and during the progress of the trial, move for judgment in his favor.

3. Appeal and error ⬅➡274(7)—Exception after judgment presents nothing for review.

An exception to a judgment after it has been rendered presents nothing for review.

**4. Appeal and error ⊚⟞850(2)—Application for judgment at conclusion of evidence presents for review sufficiency of evidence.**

In a case tried without a jury, an application for judgment at the conclusion of the evidence, in the absence of a special finding, will present for review the sufficiency of the evidence to support the judgment.

**5. Appeal and error ⊚⟞1054(1)—Statement that evidence not considered held equivalent to exclusion, rendering admission harmless.**

Where, in a trial without a jury, when evidence was admitted, the court stated that, if it was afterwards determined to be inadmissible, the court would not consider it, and before the rendition of judgment the court stated that its conclusion was not influenced by nor based on that particular evidence, *held*, that this was equivalent to exclusion of the evidence, and where there was other sufficient evidence its admission was harmless.

In Error to the District Court of the United States for the Southern District of Georgia; Wm. H. Barrett, Judge.

Action by Mogi & Co. against Moses Blumenfeld, trading as the Savannah Bag Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Alexander A. Lawrence and Edmund H. Abrahams, both of Savannah, Ga. (A. A. Lawrence, Edmund H. Abrahams, and Lawrence & Abrahams, all of Savannah, Ga., on the brief), for plaintiff in error.

David C. Barrow, of Savannah, Ga. (David C. Barrow and Stephens, Barrow & Heyward, all of Savannah, Ga., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This was a writ of error to review a judgment of the District Court of the United States for the Southern District of Georgia, in an action at law in which the defendant in error was plaintiff and the plaintiff in error defendant, to recover for the alleged breach of a contract for the sale and purchase of burlap. The plaintiff, who was the purchaser, recovered in the District Court.

[1] The case was tried without a jury by stipulation of the parties, and the District Judge rendered a judgment for the plaintiff, but made and was requested to make no special findings of law or fact. The defendant objected to the rendition of judgment against him, after the judgment was rendered, but made no motion or request, before the judgment was rendered, either for judgment in his favor or for any ruling of law. In a trial without a jury under Revised Statutes of the United States, §§ 649 and 700 (Comp. St. §§ 1587, 1668), a general finding of the judge is the equivalent of a verdict of a jury, and is not reviewable on writ of error, even though excepted to by the party against whom it was rendered.

[2] In order to present for review the question as to whether or not the evidence is sufficient to support the judgment of the court, the complaining party must as a predicate, before the judgment is rendered and during the progress of the trial, move the court for judgment in his favor. If he fails to do so, even though he excepts to the judgment after its rendition, the appellate court is without power to

⊚⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

review the sufficiency of the evidence, set out in the bill of exceptions, to support the judgment excepted to. The reason of the rule is that in such a case there is no ruling during the progress of the trial, to be presented for review.

[3] As in the case of a judgment upon the verdict of a jury, an exception to the judgment, after it has been rendered, presents nothing for review. Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608; Insurance Co. v. Folsom, 18 Wall. 237, 21 L. Ed. 827; Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321, 28 L. Ed. 862; St. Louis v. Western Union Telegraph Co., 148 U. S. 92, 13 Sup. Ct. 485, 37 L. Ed. 380, and 166 U. S. 388, 17 Sup. Ct. 608, 41 L. Ed. 1044; Gulf, C. & S. F. Ry. Co. v. Clement Grain Co. (C. C. A. 5th Circuit) 268 Fed. 535.

[4] An application by the defendant for a judgment in his favor, at the conclusion of the evidence, in the absence of a special finding, would have presented for review the sufficiency of the evidence to support the judgment. St. Louis v. Western Union Telegraph Co., 148 U. S. 92, 13 Sup. Ct. 485, 37 L. Ed. 380. In view of the absence both of a special finding of facts, and of a motion or request by the plaintiff in error for a judgment in his favor, and of any exception based on a ruling of the court thereon, shown by the record, we are limited to the consideration of rulings of the court, during the progress of the trial, upon the pleadings or evidence.

[5] The defendant excepted to the admission of evidence tending to show the existence of a custom in the port of New York, in the burlap trade, to the effect that, when the seller specified or declared the steamship on which the shipment was due to arrive, this declaration bound the seller, though the sale contract contained no provision to that effect. When this evidence was admitted by the court, it was with the stated reservation that, if it was aftewards determined to be inadmissible, the court would not consider it. The bill of exceptions recites that at the conclusion of the evidence, and before the rendition of judgment, the District Judge stated that the conclusion he had reached was not influenced by, nor based upon, the testimony to which the defendant had objected. This was equivalent, so far as the trial in the District Court went, to the exclusion of the evidence. Our examination of the evidence in the record convinces us that the District Judge was fully warranted in rendering the judgment he did, even if the evidence objected to was eliminated, and the admission of it consequently was without injury to the plaintiff in error.

There being no reversible error in the record, the judgment of the District Court is affirmed.

Affirmed.