**STINSON v. BUSINESS MEN'S ACCIDENT ASS'N.**

**No. 221.**

Circuit Court of Appeals, Tenth Circuit.

Sept. 8, 1930.

Clayton Carder, of Hobart, Okl., for appellant.

Solon T. Gilmore, of Kansas City, Mo., and James R. Tolbert, and Duke Duvall, both of Hobart, Okl., for appellee.

Before LEWIS, COTTERAL, and McDERMOTT, Circuit Judges.

COTTERAL, Circuit Judge.

The appellant brought this action against appellee to recover $6,000 as the beneficiary in an insurance policy upon her husband's life. She complains of a finding that she was entitled to recover only $3,600 and a judgment for that amount.

In the petition, plaintiff (appellant here) declared on an original policy issued to her husband on February 10, 1916, which, in consideration of quarterly premiums of $6 each, granted insurance against loss of life by accident to the extent of $5,000, with a stipulation as shown by another instrument, for an advance payment of premiums, to pay 20 per cent. additional in case of his death in 1927. She alleged that the premiums had been paid in advance and while the policy was in force her husband was killed in an accident on March 14, 1927, and pursuant to the policy she asked a recovery of the total insurance.

The defendant (appellee here) answered with a general denial and the further defense that the original policy had lapsed and a new policy had been issued and was in force at the time of the death of the assured, providing for insurance of $3,600, but it was prayed that, if the parties had agreed the original policy should be retained by the assured, it be reformed to express their actual contract. Further details of the answer are that the original policy lapsed in January, 1920, for nonpayment of premiums, no further premiums were paid on it, and it was never reinstated; that the assured, in February, 1920, sought its reinstatement, but this was refused on account of his age, and upon his application the new policy was agreed upon and accepted, providing for insurance in the sum of $3,000, with 20 per cent. added for payment of premiums in advance, and, the premiums being so paid thereon, the liability of the company was $3,600. It was added that the assured wrote the defendant he was returning the original policy by separate mail, but, if he did not, it was due to a mutual mistake of the parties, and with the understanding it was modified by the new policy, on which the premiums were paid; and reformation of the policy was prayed. A tender was made of $3,600.

In her reply, the plaintiff denied these matters of defense, and alleged further that the reformation of the policy was barred by limitation, that after the date of the purported new policy the defendant sent the original policy to the assured, that it accepted and issued receipts for premiums thereon, induced him to believe it was in force, and is estopped to defend on the ground of mistake.

The case was tried to the court, upon a written waiver of a jury. The bill of exceptions recites that the court found from the evidence "for the plaintiff * * * in the sum of $3,600, without interest or costs, instead of the sum of $6,000, with interest and costs as prayed for by the plaintiff, and that the plaintiff excepted and objected to the ruling and judgment for the reason that the evidence was insufficient to support the judgment for a lesser amount than the sum sued for." The journal entry of the judgment contains a finding that the allegations in the defendant's answer are true and correct, and that the defendant is not indebted to the plaintiff upon the policy sued upon in excess of $3,600, that a tender thereof had been made to the plaintiff, and that the plaintiff excepted to and objected to the judgment.

It is obvious the controversy was whether the original or the new policy was in force at the death of the assured. In order to recover on the former, it was necessary for the plaintiff to establish the fact that the premiums thereon were kept up, or that the parties agreed on a reinstatement of that pol-

314

icy, or that the conduct of the defendant was such as to work an estoppel from denying it was in force. It is true also that, if the new policy was agreed upon, the liability would be as there limited. Decisive issues of fact were clearly involved in the trial.

The appellee has moved to dismiss the appeal upon the grounds that there were no requests for rulings, no demurrer to the evidence, and no objection made or exception saved, except after judgment for insufficient evidence to support it, and the bill of exceptions does not purport to contain all of the evidence. The motion is not well taken and is overruled, because the appeal was properly applied for and granted. But the grounds assigned for the motion raise the question whether the judgment should be affirmed on the record.

■■ The assignments of error relate solely to the evidence. The bill of exceptions contains no recital it includes all the evidence taken at the trial. The authorities are uniform that in order to obtain a review of a general finding it must appear all of the evidence is embodied in the bill of exceptions. However, the form of the showing to that effect is not vital. And we think the statement in this case which precedes the summary of the testimony is the equivalent of the necessary recital and saves the record from objection on this ground. Gunnison County Commissioners v. Rollins, 173 U. S. 256, 19 S. Ct. 390, 43 L. Ed. 689; Clyatt v. United States, 197 U. S. 207, 25 S. Ct. 429, 49 L. Ed. 726;

Crowe v. Trickey, 204 U. S. 228, 27 S. Ct. 275, 51 L. Ed. 454.

■ Certain sections of title 28 of the U. S. Code (28 USCA) applicable to actions at law also vitally affect a consideration of this record. Section 879 forbids a reversal for any error of fact. It is a question of law, however, whether a judgment is sustained by any substantial evidence, but in order to present that question on appeal it must appear from the record that a request or motion was made, denied, and excepted to, or some other like step was taken, which fairly presented that question to the trial court and secured its ruling thereon before the close of the trial. Wear v. Imperial Window Glass Co. (C. C. A.) 224 F. 60; Pennok v. Roxana Petroleum Co. (C. C. A.) 289 F. 416; Federal Intermediate Credit Bank v. L'Herisson (C. C. A.) 33 F.(2d) 841. But no such course was taken in this case. Section 875 provides that rulings at a trial excepted to and duly presented by a bill of exceptions may be reviewed on appeal. But this record is devoid of any such exceptions. The exception to the general finding in this case presents no question for review on appeal. Town of Martinton v. Fairbanks, 112 U. S. 670, 5 S. Ct. 321, 28 L. Ed. 862; Fleischmann Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624.

We are bound to hold that no sufficient foundation was laid for our consideration of the questions urged on this appeal. The judgment of the District Court is therefore affirmed.