## BAKER ICE MACH. CO., Inc., v. HEBERT.
### No. 10092.

Circuit Court of Appeals, Eighth Circuit.
Feb. 14, 1935.

F. H. Gaines, Charles F. McLaughlin, and Francis S. Gaines, all of Omaha, Neb., for appellant.

Norris Brown, David A. Fitch, and Ralph M. West, all of Omaha, Neb., for appellee.

Before GARDNER, SANBORN, and VAN VALKENBURGH, Circuit Judges.

GARDNER, Circuit Judge.

The appellee, as plaintiff below, brought this action to recover on certain promissory notes amounting in the aggregate to approximately $7,000. The execution of the notes and their nonpayment was admitted by defendant, but it asked a set-off by virtue of an alleged guarantee of payment of certain accounts purchased by it with other property of plaintiff's testate, and for which certain promissory notes were then given, the notes in question being renewals of those originally given. The total accounts so claimed to have been guaranteed amount in the aggregate to $4,496.86, which defendant asked to be applied as a credit upon the notes in suit, and that plaintiff have judgment for the balance only.

By reply, plaintiff pleaded that such contract of guarantee, if any, was barred by the statute of limitations of the state of Washington, where the alleged contract of guarantee was entered into, and also by the statute of limitations of the state of Nebraska, where the action was being prosecuted thereon.

At the close of all the evidence, plaintiff moved for a directed verdict. Before the court had passed upon this motion, defendant, without stating any grounds therefor, interposed a motion for a directed verdict for plaintiff for the amount of the notes sued upon, less the amount of the set-off or counterclaim pleaded, and thereupon it was stipulated "that the jury herein be discharged and that the court take this case under advisement and decide same both as to the law and the facts." The court then entered its order, discharging the jury. Thereafter, the court determined the issues in favor of plaintiff, and on June 2, 1934, on a general finding, entered judgment accordingly.

From the judgment so entered, defendant prosecutes this appeal, assigning error by the court (1) in excluding the testimony of a Mr. Vette, concerning a conversation between plaintiff's testate and one J. L. Baker with respect to the alleged guarantee of the notes and accounts receivable; (2) in holding that the set-off or counterclaim of defendant was barred by the statutes of limitations, both of the state of Washington and the state of Nebraska; (3) in holding that the execution by defendant of the notes in suit amounted to a relinquishment and a waiver of its claim of set-off or counterclaim; (4) in refusing to find specifically that Leon Hebert, Sr., plaintiff's testate, guaranteed the payment of the certain accounts set forth in defendant's answer; (5) in allowing plaintiff attorney fees for services in the contest over the counterclaim; (6) in overruling defendant's motion to eliminate from the judgment an allowance of attorney fees; (7) in not finding as a matter of fact that defendant was entitled to a set-off against plaintiff's claim in the amount of the unpaid accounts set forth in its counterclaim.

At the very threshold of this case, we are met with the contention that the record presents nothing for review by this court. At the close of all the testimony, plaintiff interposed a motion for a directed verdict. Defendant then also moved for a directed verdict in favor of plaintiff for the amount of the notes sued on, less the amount of the set-off or counterclaim, but before either of these motions was passed upon, it was stipulated in open court by the parties that the jury be discharged and that the court determine the issues, both of law and fact. It is urged by appellee that because the stipulation waiving a jury was not in writing, no review of the evidence can be had in this court. It is no longer necessary that the stipulation waiving a jury be in writing, but it may be "by an oral stipulation made in open court and entered in the record." Rev. St. § 649, as amended May 29, 1930 (28 USCA § 773). It is sufficient if the court's judgment recite that a jury has been waived by both parties. United States v. Perry (C. C. A. 8) 55 F.(2d) 819.

The judgment in this case recites that, "the parties hereto orally stipulating in open court to waive a jury and submit the case to the court." But in a jury waived case, to entitle appellant to a review of the evidence in this court, it is necessary that he shall have requested such declaration of law as entitled him to judgment, or he must have made a motion for judgment, setting forth such grounds as to bring the matter at issue sharply before the trial court. Fleischmann Const. Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 288, 70 L. Ed. 624; Hussey-Hobbs Tie Co. v. Louisville & N. R. Co. (C. C. A. 8) 69 F.(2d) 92; Town Club of St. Louis v. United States (C. C. A. 8) 68 F.(2d) 620; Jones v. Gill (C. C. A. 8) 67 F.(2d) 159; Mandel Bros. v. Henry A. O'Neil, Inc. (C. C. A. 8) 69 F.(2d) 452; Hawthorne v. Bankers' Life Co. (C. C. A. 8) 63 F.(2d) 971; Anderson v. United States (C. C. A. 8) 65 F.(2d) 870.

In Fleischmann Const. Co. v. United States, supra, it is, among other things, said:

"To obtain a review by an appellate court of the conclusions of law a party must either obtain from the trial court special findings which raise the legal propositions, or present the propositions of law to the court and obtain a ruling on them. Norris v. Jackson, supra [9 Wall. 125] 129 [19 L. Ed. 608]; Martinton v. Fairbanks, supra [112 U. S. 670] 673 (5 S. Ct. 321 [28 L. Ed. 862]). That is, as was said in Humphreys v. Third National Bank, supra [75 F. 852] 855 [21 C. C. A. 542], 'he should request special findings of fact by the court, framed like a special verdict of a jury, and then reserve his exceptions to those special findings, if he deems them not to be sustained by any evidence; and if he wishes to except to the conclusions of law drawn by the court from the facts found he should have them separately stated and excepted to. In this way, and in this way only, is it possible for him to review completely the action of the court below upon the merits.'"

█ In the circumstances here presented, the judgment of the court entered on a general finding is equivalent to a general verdict of a jury, and hence can be reviewed on appeal only where the sufficiency of the evidence has been challenged in the lower court by timely request for declarations of law or for judgment which fairly presents that question to the trial court. It is contended that appellant requested certain proposed findings of fact and conclusions of law, and thus laid the foundation for a review of the evidence in this court. Appellee urges that such request as was made came too late because judgment had already been entered. It is not clear from the record when the request may have been made. If we may refer to the printed record in this regard, it would seem that the motion was filed on the same date as the judgment was entered, but whether before or after does not appear. Neither does there appear to have been any action taken by the court upon such request.

█ A still more serious objection is, however, presented. The request for findings and declarations of law has not been embodied in the bill of exceptions. The purpose of the bill of exceptions is to make that of record which is not otherwise of record, and in this court the only matters ordinarily properly before us are the matters embodied in the primary record and the bill of exceptions. The request or motion for findings is no part of the primary record, and hence could only be brought before us by being embodied in a bill of exceptions. Fleisch-

mann Const. Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624; McPherson v. Cement Gun Co. (C. C. A. 10) 59 F. (2d) 889.

█ The motion for a directed verdict interposed by the defendant at the close of all the testimony, even if sufficient, was waived by the stipulation submitting the case to the court for its decision upon both questions of law and fact. We are of the view that we cannot from this record consider the question of the sufficiency of the evidence.

█ As a bill of exceptions was in fact settled, we might still consider alleged errors at law occurring during the trial of the action. Those sought to be urged here are embodied in assignment No. 1, which is as follows:

"The Court erred in excluding the testimony of the witness Vette as to the conversation between Leon Hebert, Sr., and J. L. Baker with respect to the guarantee of the notes and accounts receivable by Mr. Hebert."

The assignment does not purport to quote the substance of the evidence excluded, as required by rules 11 and 24 of this court. It does not disclose what objection, if any, was made to the admission of the testimony, and we are left entirely in the dark as to what questions were asked of the witness, what objections were interposed thereto, what the rulings of the court were thereon, and whether or not any proffer of testimony was made. This assignment is wholly insufficient to present anything for review in this court. Maryland Casualty Co. v. Elmira Coal Co. (C. C. A. 8) 69 F.(2d) 616, 618; Schmidt v. United States (C. C. A. 8) 63 F.(2d) 390; Wagner Elec. Corp. v. Snowden (C. C. A. 8) 38 F.(2d) 599, 601. In the last-cited case it is said:

"In none of these assignments is the substance of the evidence admitted or rejected set out. Neither do the assignments show what objections were interposed. It is commonplace to state that the alleged error assigned must be sufficiently specific so that the court may understand the same without being forced to search the record to determine what the issue is."

What was said by us in Maryland Casualty Co. v. Elmira Coal Co., supra, is here apposite. It is there said:

"Such assignments must state the questions, the objections made thereto, the rulings of the court thereon, and the substance

of the evidence admitted, with the pages of the printed record where the rulings occur."

The judgment appealed from is therefore affirmed.