## THE STATE v. THOMPSON.

EMBEZZLEMENT: *Indictment must describe money.*

An indictment for embezzlement must describe the money embezzled as specifically as in larceny.

APPEAL from *Miller* Circuit Court.

Hon. C. E. MITCHEL, Circuit Judge.

*Barker & Johnson* and *C. B. Moore*, Attorney General, for appellant.

An indictment charging defendant with embezzling a certain amount of money, to wit,——— dollars, on a day certain, is sufficient. *Rix v. Carson, Russell & Ryan's Crim. Cases, 303; 1 Moody Crim. Cases, 447; Jacobs' Fisher's Dig.,* vol. 3, *3175; 1 Car. & Payne, 313, 454; Arch. Crim. Pro.,* vol. 2, *1331; Gantt's Dig.,* secs. *1793–5; 9 Metc., 138; Roscoe Cr. Ev., 439, marg.; 3 Car. & Payne, 422; 5 Ib., 300; Jacobs' Fisher's Dig.,* vol. 3, *3171.*

The State v. Thompson.

*R. B. Williams* and *Paul Jones* for appellee.

In indictments for embezzlement it is necessary to describe the property stolen with the same particularity as in larceny. Cites *Bishop's Crim. Law, 3d ed., top p. 328, note 5, 320–1–2 etc.; sec. 1367 Gantt's Dig.; Rix v. Furneau, Russ. & Ry., 325; Arch. Cr. Pr. & Pl., vol. 3, p. 447, notes 3 and 4; Bish. Crim. Pro., p. 329, note 2; 4 Zab., 9; Chitty Cr. Law, vol. 3, p. 61 of addenda; 8 Cal., 42, 43, 44.*

Our statute is similar to 39 Geo. III, c. 85, and under that statute the indictment must contain all the requisites of an indictment for larceny. *Arch. Cr. Pr. & Pl., 447, 3 and 4 notes, and cases supra; Bishop Cr. Pro., top 329 and note 2.*

Our Legislature failed to pass an *enabling* statute similar to *7 and 8 Geo. IV, ch. 29, sec. 48,* under which the English courts held that no specific coin or values need be alleged, and, until this is done, indictments for embezzlement stand upon the same ground as for larceny, and must be drawn with the same particularity.

EAKIN, J. These cases are identical, save as to the time of the offenses. The appellee was indicted for embezzlement, as clerk of John O'Conner. Each indictment sets forth the fiduciary character of the defendant, by virtue of which it is charged he did " receive and take into his possession *certain money to a large amount, to wit, to the amount of one hundred dollars,* for and in the name and on the account of the said John O'Conner, his master," and that he did " fraudulently and feloniously " embezzle the same against the will and without the consent of said O'Conner. Demurrers to the indictments were sustained and the State appeals. The point, in each case presented, is the sufficiency of the indictment in not describing the property; the defendant contending that the description should

be as specific as in case of larceny. This seems to have been
the ground of the ruling by the Circuit Judge.

Embezzlement, at common law, was not a crime. Being, EMBEZZLE-
however, akin to larceny in its nature, and involving MENT:
something of the same moral turpitude, it has been ment must
thought necessary in England and America, to make it a bezzled.
species of larceny, or to so extend the definition of larceny
as to embrace it. There was little need of that in the ear-
lier stages of the common law, when chattels were com-
paratively few, and when the simpler modes of business
did not afford trusted employés the same facilities, or scope
for peculations, as are now found inseparable from busi-
ness transactions.

These statutory provisions in England have been subse-
quent to the fourth year of James I, and have not been
adopted here with the common law. There was indeed an
act of 21 Henry VIII, ch. 7, which made it a felony in
any servant to take away with intent to steal, any casket,
jewels, money or other goods, given to him by the master
to keep; but as in such cases the possession was supposed
to be in the master at the time of taking; the law was
rather declaratory than new, for that would be larceny at
common law.

The first of the peculiar statutes, covering the offense of
embezzlement as now understood—that is, embracing with-
in the prohibition and punishment of larceny, acts which
before that were not indictable as such—is the statute of 39
George III, passed in 1799, and which is substantially the
same with the provision of our revised statutes, brought
forward in *Gantt's Digest, section 1367*. The difference is
merely verbal.

Under that statute the English decisions are numerous and
uniform, to the effect that the indictment must describe the
property embezzled, with the same clearness and precision as

was required in the case of larceny.   (See text and cases cited in *Russell on Crimes, vol. 2, p. 185*, and *Bishop's Criminal Procedure, vol. 2, sec. 320*.)   This naturally flowed from the idea that embezzlement was rather a species of larceny, included within enlarged boundaries of the definition, than an offense of a distinct nature.   The same rules for charging and proving the offense were applied.

This, evidently, did not meet the requirements of modern business, and tended to neutralize the good which might have been expected from the act.   After nearly thirty years the act of 7 and 8 George IV was passed, which provided, amongst other things, " that it shall be sufficient to allege the embezzlement to be money, without specifying any coin or valuable security," and that a conviction might be had upon such indictment if it were proved that the offender had embezzled any piece of coin or valuable security of any amount.   Upon this statute the modern English forms of indictment have been modeled, and can not be safely taken as guides in a State like this, where the thirty-ninth George III has been enacted, without the enlarging and remedial provisions of the seventh and eighth George IV.

If this were an indictment for larceny, the description of the property would not be considered sufficient.   (*Barton v. State, 29 Ark., 68*.)   Following the English rulings upon the act of 39 George III, it can not be held good in a prosecution for embezzlement.   The case of *The King v. Flowers, 5 Barn. and Cress., 736*, is directly in point.   See also *Rex v. Furneaux, Russ. and Ryan*, being volume 1 of *"British Crown Cases," p. 334*, where the property received was charged to be "one pound eleven shillings."   This was held insufficient by all the judges save one, at Trinity term, 1817.

If the Legislature of our State may deem the present

act inadequate to effect as much good as may be desirable and practical, it is for them to consider what changes may be made. We find no error in the judgment.

Affirmed.