## UNITED STATES *v.* DAVIS.

### ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE TERRITORY OF HAWAII.

No. 621.   Submitted April 11, 1917.—Decided April 23, 1917.

When the trial court besides holding the indictment defective for not following the language of the statute bases its decision also upon the ground that the statute does not apply to the facts alleged the decision as to the latter ground is reviewable under the Criminal Appeals Act.

A deputy clerk of the District Court of Hawaii who converts to his own use fees deposited by litigants to secure the payment of costs in bankruptcy and other cases is punishable under § 97 of the Penal Code.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Warren* for the United States.

No brief filed for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an indictment of a deputy clerk of the District Court of Hawaii for converting to his own use moneys of

persons other than the United States, deposited with the clerk to secure the payment of costs, by parties to proceedings other than proceedings in bankruptcy (counts 1, 3, 4, 7, 8) or by parties to proceedings in bankruptcy (counts 2, 5, 9). The sixth count charges the defendant, as clerk, with a like conversion. A demurrer to the indictment was sustained and the United States brings the case here. The judge assumed that the costs referred to in the several counts were fees of the clerk and, we presume, in case of proceedings in bankruptcy, fees collected for the referee and trustee, and also that the funds were funds to be accounted for by the clerk as debtor, not as trustee, under the decision in *United States* v. *Mason,* 218 U. S. 517, 531. He therefore was of opinion that the money was not within the purview of § 99 of the Penal Code, punishing the embezzlement of money belonging in the registry of the court, etc. The same reasoning led him to the conclusion that § 97 did not apply and it is the latter proposition that the United States seeks to have revised.

The judge objected that the charges in the indictment did not follow the language of § 97, but as he went on to consider whether the statute applied to the facts alleged we shall deal with the latter question. Concerning the sufficiency of the indictment in other aspects of course we have nothing to say. By § 97 "any officer of the United States, or any assistant of such officer, who shall embezzle or wrongfully convert to his own use any money or property which may have come into his possession or under his control in the execution of such office or employment, . . . whether the same shall be the money or property of the United States or of some other person or party, shall, where the offense is not otherwise punishable by some statute of the United States," be fined or imprisoned or both. If, as assumed, the defendant was not punishable under § 99 he was punishable under this.

As pointed out by the Government the court below seems to have overlooked the fact that except in the sixth count the defendant is alleged to have been an assistant clerk, not the clerk. Whether it belonged to the United States or to the clerk the money was not his and the case is within the words just quoted from the act. We confine our decision to the point raised by the assignment of error; upon that the decision was wrong.

*Judgment reversed.*

Mr. Justice McKenna dissents for the reasons given by Judge Morrow.