## UNITED STATES v. DODGE.

(District Court, S. D. Florida. July 16, 1918.)

### No. 567.

1. EMBEZZLEMENT ⬤⟳34—CLERKS OF FEDERAL COURTS—FEES.
   An indictment against a clerk of a federal court for converting unearned fees *held* to charge embezzlement, under Penal Code, § 97 (Comp. St. 1916, § 10265).

2. EMBEZZLEMENT ⬤⟳21—CLERK OF FEDERAL COURT—CONVERSION OF UNEARNED FEES.
   The clerk himself of a United States District Court, in converting unearned fees, may be guilty of embezzlement, under Penal Code, § 97, notwithstanding section 99.

Eugene D. Dodge was indicted for embezzlement of court funds, and he demurs to the indictment. Overruled.

See, also, 251 Fed. 740, 742.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla.

John W. Dodge and W. M. Toomer, both of Jacksonville, Fla., for defendant.

NEWMAN, District Judge. This is an indictment against the defendant, who is alleged to have been clerk of the United States District Court for the Southern District of Florida at the time the offense was committed. The first count in the indictment is as follows:

"The grand jurors of the United States of America, duly impaneled, sworn, and charged to inquire within and for the Southern district of Florida, upon their oaths present:

"That Eugene D. Dodge, during all the year 1914 and until the 29th day of May, A. D. 1915, was clerk of the District Court of the United States of America for the Southern District of Florida; that on the 23d day of June, A. D. 1914, in a certain cause in admiralty, to wit, Dunham Albury et al. v. S. S. Lugano, wherein the United States was intervener for duties, the court awarded to the said United States the sum of eight thousand one hundred twenty-two and 80/100 dollars as duties; that on the 20th day of May, A. D. 1915, a large part of the said sum of eight thousand one hundred twenty-two and 80/100 dollars awarded to the United States as duties aforesaid, the exact amount being to the jurors unknown, was on deposit with the First National Bank of Key West, Florida, in the name and to the credit of said court, said bank being then and there a designated depository of the United States; that on the said 20th day of May, A. D. 1915, the said Eugene D. Dodge, under and by virtue of his office aforesaid, and under authority and claim of authority, as such clerk induced the Honorable William B. Sheppard, the then presiding judge of said court, to affix his signature to a certain check in the words and figures following, to wit:

---

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"District Court of the United States for the Southern District of Florida.
"No. 26.                                                      $2,500.00
"The First National Bank of Key West, Florida, U. S. Depositary:
"May 20, 1915.

"Pay to E. D. Dodge, clerk, or order, two thousand five hundred dollars, for account of decree in re Albury v. Lugano.
    "By the Court:
"E. D. Dodge, Clerk.                          Wm. B. Sheppard, Judge.'

"That the said Eugene D. Dodge, under and by virtue of his office aforesaid, and under authority and claim of authority as such clerk, and by means of said check, draft, or order above set forth, drew out of the said First National Bank of Key West, Florida, and thereby, by means of said check or order above set forth procured and had in his possession, custody, and under his control the said sum of twenty-five hundred ($2,500.00) dollars in said check mentioned, said twenty-five hundred ($2,500.00) dollars being then and there the property of the United States and a part of the said sum of $8,122.80 awarded to the United States by decree of the court as aforesaid; that the said Eugene D. Dodge then and there on the 22d day of May, A. D. 1915, at and within the district aforesaid, and within the jurisdiction of this court, having in the manner and form aforesaid secured possession and control of said sum of twenty-five hundred ($2,500.00) dollars, and then and there having in his custody and under his control as such clerk aforesaid the said sum of twenty-five hundred ($2,500.00) dollars, the same being then and there money belonging in the registry of said court, it then and there became and was the duty of the said Eugene D. Dodge as such clerk to forthwith deposit the said sum of twenty-five hundred ($2,500.00) dollars with the Treasurer or Assistant Treasurer of the United States, or with a designated depositary of the United States, in the name and to the credit of said court; that the said Eugene D. Dodge having the said sum of twenty-five hundred ($2,500.00) dollars in his possession and under his control by virtue of his office aforesaid, as such clerk aforesaid, he, the said Eugene D. Dodge, on the said 22d day of May, A. D. 1915, at and in the district aforesaid and within the jurisdiction of this court the said sum of twenty-five hundred ($2,500.00) dollars, registry funds as aforesaid, a further description thereof being to the jurors unknown, did knowingly, unlawfully, and feloniously fail forthwith to deposit with the Treasurer or Assistant Treasurer of the United States, or with a designated depositary of the United States, in the name and to the credit of said court—contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States of America."

The second count in the indictment is the same as the first, except that it charges that:

"The said sum of twenty-five hundred dollars, registry funds aforesaid, a further description thereof being to the jurors unknown, did knowingly, unlawfully, and feloniously retain, embezzle, and convert to his own use, contrary to the form of the statute," etc.

The third count in the indictment sets out the decree of the court in the case of Dunham Albury et al. v. S. S. Lugano, in which decree $8,-122.80 is awarded to the United States for duties decreed, and it then charges the procuring of Judge Sheppard to sign the check, the procuring of the money from the First National Bank of Key West, Fla., and the failure to deposit the same—

"with the Treasurer or Assistant Treasurer of the United States, or with a designated depositary of the United States in the name and to the credit of said court, contrary to the form of the statute in such case made and provided," etc.

The fourth count in the indictment is the same as the third, except that it charges the embezzlement of the twenty-five hundred dollars by the defendant.

This indictment, on its back, is supposed to be drawn under section 99 of the federal Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1106 [Comp. St. 1916, § 10267]). There is a demurrer to this indictment, and as to each count in the indictment, upon the ground that the charges therein are not sufficient in law to compel the defendant to answer the same.

[1] As stated, the indictment purports, by the indorsements on the back and probably by the language therein, to have been drawn under section 99 of the Penal Code, and seems to me to be sufficient under that section, which is as follows:

"Whoever, being a clerk or other officer of a court of the United States, shall fail forthwith to deposit any money belonging in the registry of the court, or hereafter paid into court, or received by the officers thereof, with the Treasurer, Assistant Treasurer, or a designated depositary of the United States, in the name and to the credit of such court, or shall retain or convert to his own use or to the use of another any such money, is guilty of embezzlement, and shall be fined not more than the amount embezzled, or imprisoned not more than ten years or both; but nothing herein shall be held to prevent the delivery of any such money upon security, according to agreement of parties, under the direction of the court."

But, whatever the duty of the clerk with reference to this fund was, it clearly was not the property of the clerk, under the charges in the indictment, and whatever his duty was with reference to depositing it, it clearly was a violation of law for him to convert the same to his own use, whether it was "public money" or "public funds" or not. Under the charges in the indictment, it clearly was not the money of the clerk, and if he unlawfully converted it to his own use, and thereby embezzled it, he was guilty of the offense set forth in the indictment.

If, as to the manner in which the money should have been deposited, he did not violate section 99 of the federal Penal Code, very clearly it was a violation of that part of section 97 (Comp. St. 1916, § 10265) which reads as follows:

"Any officer of the United States, or any assistant of such officer, who shall embezzle or wrongfully convert to his own use any money or property which may have come into his possession or under his control in the execution of such office or employment, or under color or claim of authority as such officer or assistant, whether the same shall be the money or property of the United States or of some other person or party, shall, where the offense is not otherwise punishable by some statute of the United States, be" punished as prescribed in the statute.

The Supreme Court of the United States dealt with this question in United States v. Davis, 243 U. S. 570, 37 Sup. Ct. 442, 61 L. Ed. 906, and made a decision which I think is important here. In that case a deputy clerk of the United States District Court for Hawaii was indicted, and the decision reverses the ruling of the District Court sustaining a demurrer to the indictment. It cites the case of United States v. Mason, 218 U. S. 517, 31 Sup. Ct. 28, 54 L. Ed. 1133, and treats that, evidently, as inapplicable in the Davis Case. The court then holds that, while the indictment appears to have been drawn under

section 99 of the federal Penal Code, it, by its language, brought the case within section 97 of the Penal Code.

[2] This decision is valuable, because it holds section 97 of the Penal Code as applicable in cases of this character, notwithstanding the decision in the Mason Case. True, in the Davis Case the defendant was a deputy clerk; but, as I take the decision, it would have been equally applicable to the case of a clerk, if the charges in the indictment were such as to come within that section. Under this decision I think the charge in the fourth count in the indictment in the present case comes clearly within section 97, if it is not properly brought under section 99, about which I express no opinion.

The demurrer to the fourth charge in the indictment is overruled, and action of the court on the other counts in the indictment will be held in abeyance until the trial of the case and the facts appear more clearly.