UNITED STATES v. DODGE.

(District Court, S. D. Florida. July 16, 1918.)

No. 647.

1. EMBEZZLEMENT ⟨⟩34—CLERKS OF FEDERAL COURTS.

An indictment *held* to state an offense, under Penal Code, § 99 (Comp. St. 1916, § 10267), making failure of clerk of federal court to deposit money in certain ways an embezzlement.

2. EMBEZZLEMENT ⟨⟩34—UNITED STATES OFFICERS.

An indictment against the clerk of a United States District Court for embezzlement of unearned fees *held* to state an offense, under Penal Code, § 97 (Comp. St. 1916, § 10265), relating to officers in general.

Eugene D. Dodge was indicted for embezzlement, and he demurs. Overruled.

See, also, 251 Fed. 737, 742.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla.

John W. Dodge, and W. M. Toomer, both of Jacksonville, Fla., for defendant.

NEWMAN, District Judge. An indictment was returned against Eugene D. Dodge, charging him, in the first count, with the embezzlement of $500, which money had been received by him in his official capacity as clerk of the United States District Court for the Southern District of Florida, and had come into his possession and control in the execution of his office and under claim of authority as such clerk of the court, and was then and there held in trust in his official capacity, and that he unlawfully, willfully, and feloniously retained, embezzled, and converted to his own use said moneys; the moneys so converted being the money of persons other than the United States, the names of such persons being to the grand jurors unknown, said moneys having been deposited with Dodge, as clerk, by parties to suits, actions, and proceedings other than proceedings in bankruptcy

and to secure the payment of costs in such proceedings, including fees authorized to be retained by said clerk if and when such fees should be thereafter actually earned.

[1, 2] I think this count makes a perfect case under section 99 and also under section 97 of the Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1106 [Comp. St. 1916, §§ 10265, 10267]). According to the charge in this count of the indictment, there was deposited with the clerk, as clerk of the court, certain moneys to pay costs in cases other than bankruptcy cases, and for the purpose of securing the payment of costs in the cases in which they were deposited, and before the clerk had earned the costs, he took, and appropriated to his own use, these moneys, and thereby embezzled the same. I do not see how any criticism of this count can destroy its force and effect in the way I have indicated.

The second count in the indictment is the same as the first, except that it charges the embezzlement of $180, and the third count is the same, except that it charges the embezzlement of $95.40 of moneys so deposited.

The fourth count charges the embezzlement of $500, moneys deposited to pay costs in bankruptcy proceedings; such moneys having been deposited by parties other than the United States, whose names were to the grand jurors unknown.

The fifth count in the indictment contains the same charge as the fourth, except that it charges the embezzlement of $180, moneys so deposited by persons other than the United States, to the grand jurors unknown, in proceedings in bankruptcy in said court, to pay and secure the payment of costs in such proceedings, and as in the other counts he is charged with appropriating the same to his own use and thereby embezzling the same before he had earned the costs which the money was intended to secure.

The sixth count charges the embezzlement of $95.40, the same having been deposited by persons other than the United States, and to the grand jurors unknown, to secure the payment of costs in cases in bankruptcy, "the said sum of $95.40 dollars embezzled by the same Eugene D. Dodge as aforesaid, being in excess of any part of said fund which was due and owing, or might become due and owing, to the said clerk for and on account of fees in the said suits, actions, and proceedings."

I think it is clear, from the amounts stated, that the first, second, and third counts are intended to cover the same transactions as the fourth, fifth, and sixth counts; that is, the first three counts to cover the transactions if the moneys were deposited to cover costs in cases other than bankruptcy proceedings, and the last three counts to cover the same transactions if the deposits were made in bankruptcy proceedings. They seem to be charged in the alternative in that way, in order to cover either phase of the case, if the proof should show the moneys referred to have been deposited in the way set out in the respective counts.

The decision in the case of United States v. Mason, 218 U. S. 517, 31 Sup. Ct. 28, 54 L. Ed. 1133, seems to be inapplicable here, in view of the decision of the Supreme Court of the United States in United

States v. Davis, 243 U. S. 570, 37 Sup. Ct. 442, 61 L. Ed. 906. I have referred to this latter case in disposing of the demurrers to another indictment against this same defendant. 251 Fed. 737. I think the same reasoning will apply here. The money charged to have been converted by the defendant to his own use, in this case, did not belong to him, and, according to the charge in the indictment, he had not earned the money so converted when the conversion took place. Consequently I see no way to avoid the conclusion that the case comes within this last decision of the Supreme Court, which was a case against a deputy clerk of one of the District Courts.

The demurrers to this indictment, and to each count thereof must be overruled.