### WEITZEL v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. June 7, 1921.)

#### No. 3412.

Banks and banking ⬅➡256(½)—Embezzlement ⬅➡21—United States ⬅➡52—Receiver of national bank is "officer of United States" as respects liability for embezzlement and false reports.

A receiver of an insolvent national bank is an "officer of the United States," within the meaning of Criminal Code, § 97, and Act March 4, 1911 (Comp. St. §§ 10265, 10270), and subject thereunder to prosecution for embezzlement of the funds of the bank, or for making a false report of its condition with intent to deceive.

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Criminal prosecution by the United States against Fred W. Weitzel. Judgment of conviction, and defendant brings error. Affirmed.

A. E. Stricklett, of Covington, Ky., for plaintiff in error.

Thomas D. Slattery, U. S. Atty., of Covington, Ky. (Edward M. Gatliff, Asst. U. S. Atty., of Covington, Ky., on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. Plaintiff in error was convicted upon two indictments—the one (under section 97 of the Criminal Code [Comp. St. § 10265]) charging the embezzling and converting to his own use of moneys which came into his possession and custody, and under his control, as an officer of and in the employment of the United States, to wit, as receiver of an insolvent national banking association, whose affairs were in the course of winding-up by the Comptroller of the Currency; the other indictment (under the Act of March 4, 1911, c. 270, U. S. Comp. Stat. § 10270) charging the making, as such officer of the United States and in its employment, as such receiver of the same banking association, of a false report to the Comptroller of the condition of that association, with intent to deceive. The questions presented relate solely to the sufficiency of the indictments.

1. Each indictment is criticized as fatally defective because, as asserted, the receiver of an insolvent national bank, appointed by the Comptroller of the Currency, is not an officer of the United States and in its employment. We think this objection foreclosed by the decision of the Supreme Court in United States v. Weitzel, 246 U. S. 533, 38 Sup. Ct. 381, 62 L. Ed. 872, where, on review of an order dismissing a demurrer to an indictment charging this plaintiff in error, under section 5209 of the Revised Statutes (U. S. Comp. Stat. § 9772), with embezzlement and making false entries as an agent of the bank here in question, it was held (affirming the judgment of the District Court) that "the receiver, unlike a president, director, cashier or teller, is an officer, not of the corporation, but of the United States." True, it was not necessary to an affirmance of the judgment below that the Supreme Court should affirmatively define the actual legal status of the receiver. It is enough that it unequivocally did so. That this was a considered conclusion is evidenced by the citation of several prior decisions of that court, holding the receiver of a national bank to be an officer of the United States.

While these prior decisions might be differentiated from the case under consideration, in that they did not deal with the identical relation involved here, the Supreme Court in fact applied them to that identical relation. It is thus not important to consider whether plaintiff in error was such an officer as is defined in article 2, § 2, of the federal Constitution. Lamar v. United States, 240 U. S. 60, 65, 36 Sup. Ct. 255, 60 L. Ed. 526. It is also unnecessary to consider the argument that section 97 of the Criminal Code is shown to be inapplicable by its non-inclusion in the National Banking Act (Act June 3, 1864, c. 106, 13

Stat. 99), especially in view of what is said in the Weitzel Case, 246 U. S. 542, 543, 38 Sup. Ct. 381, 62 L. Ed. 872, regarding the Act of Feb. 3, 1879 (20 Stat. 280), which is substantially section 97 of the Criminal Code. Nor are we impressed by the fact that Congress, subsequent to the decision of the Supreme Court in the Weitzel Case, so amended section 5209 of the Revised Statutes (U. S. C. S. § 9772) as to make the receiver of a national banking association liable under the banking act for embezzlement or misapplication of any of the assets of his trust. Such amendment does not, in our opinion, indicate more than a congressional intent to supply a defect in the National Banking Act itself.

2. We see no force in the contention that section 97 of the Criminal Code relates only to embezzlement by internal revenue officers. While the first clause of the section is so limited, this clause is followed by the express and unequivocal provision for the punishment of "any officer of the United States * * * who shall embezzle or wrongfully convert to his own use any money" the custody of "which may have come into his possession or under his control" by virtue of his official employment or authority. The fact that the headline to the section as contained in the Criminal Code reads "Embezzlement by internal revenue officer; punishment for," cannot change the positive provision of the statute, which, indeed, before its incorporation into the Criminal Code, had no such headline. The question, however, is in our opinion set at rest by United States v. Davis, 243 U. S. 570, 37 Sup. Ct. 442, 61 L. Ed. 906, where a deputy clerk of a District Court of Hawaii was held punishable under section 97 of the Penal Code for embezzlement of fees deposited by litigants to secure payment of costs; and see the Weitzel Case at page 543, of 246 U. S. (38 Sup. Ct. 381, 62 L. Ed. 872).

3. We see no merit in the contention (addressed to the indictment under the Act of March 4, 1911) that a receiver of a national banking association, appointed by the Comptroller of the Currency, is not required to report the condition of the banking association in his charge, as such receiver, to the Comptroller of the Currency. Section 5234 of the Revised Statutes (U. S. C. S. § 9821), which is part of the National Banking Act, considered in connection with the Act of June 30, 1876, c. 156, § 1 (U. S. C. S. § 9826), in our opinion works that result. But, if we are mistaken in this, the judgment should not be disturbed for that reason. There was a single verdict of conviction on both indictments, and a single sentence thereon, inflicting a less punishment than was imposable under either indictment. Abrams v. United States, 250 U. S. 616, 619, 40 Sup. Ct. 17, 63 L. Ed. 1173; Claassen v. United States, 142 U. S. 140, 147, 12 Sup. Ct. 169, 35 L. Ed. 966.

The judgment of the District Court is affirmed.