STATE

*vs.*

ROBERT S. THOMES

Cumberland.    Opinion May 16, 1927.

*In an indictment for embezzlement in a count brought under section 10, chapter 122,*
*R. S., the language "Certain property, to wit; the sum of one thousand nine hundred*
*fifty-seven dollars," does not constitute a sufficient description.    Under this section*
*the description must be as particular as in an indictment for larceny.*

*Such description however, in a count based on section 8, of chapter 122, is suffi-*
*cient, as section 8 is modified by section 9, of the same chapter.*

*On general demurrer if any count in an indictment is good, the demurrer must be*
*overruled.*

On exceptions.  Respondent was indicted for embezzlement and
a general demurrer was filed, which was overruled, and exceptions
taken by respondent.  Exceptions overruled.  Respondent to plead
anew.

The case fully appears in the opinion.

*Ralph M. Ingalls, County Attorney,* for the State.

*William H. Gulliver and William B. Mahoney,* for the respondent.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES,
BASSETT, PATTANGALL, JJ.

PATTANGALL, J.  Indictment for embezzlement.  General de-
murrer.  Demurrer overruled.  Exceptions taken.  Right to plead
anew reserved.

Indictment contains forty-two counts.  Fourteen distinct acts
of embezzlement are charged, each under three counts.  A considera-
tion of the first three counts covers the case, the remaining counts

being repetitions of these three so far as legal form is concerned. The demurrer, being general, cannot be sustained if any one of the counts is sufficient.

The three counts must be considered separately.

*First Count.* Based on section 10, chapter 122 R. S. This count appears to contain all of the necessary averments with the exception of a sufficient description of the property involved. This description is confined to the words, "Certain property, to wit, the sum of of one thousand nine hundred fifty-seven dollars." Such a description would be sufficient to satisfy an indictment brought under section 8, modified, as that section is, by the provisions of section 9 (a proposition discussed fully later on), but insufficient in an indictment under section 10.

Under this section property should be described with the particularity required in an indictment for larceny. 9 R. C. L. 1290. An averment of the embezzlement of a certain amount of money in dollars and cents is insufficient. *Moore* v. *United States*, 160 U. S. 275. The necessity of describing the property with the same clearness and precision as in larceny flows from the idea that embezzlement is rather a species of larceny than an offense of a distinct nature. *State* v. *Thompson*, 42 Ark. 517. Embezzlement was not an offense at common law. It is purely a statutory crime. It partakes of the nature of larceny but differs from the latter in that the original taking in embezzlement is lawful or with the consent of the owner, whereas, in larceny the felonious intent existed at the time of taking. 3 Words and Phrases, Second series, 20. It has often been stated that embezzlement is larceny committed by a certain class of persons, without a trespass. *Commonwealth* v. *Parker*, 165 Mass. 539. The rule of pleading, concerning description of property in indictments under statutes such as section 10, is the same as in indictments charging larceny.

In an indictment for larceny, the descriptive allegation so many dollars, or so many dollars in money, is bad. Bishops New Criminal Procedure, Volume 2, Section 73. An indictment for stealing money is not sufficient if it states only the aggregate amount stolen without specification of the number, kind or denomination of the pieces unless the insufficient averment is cured by an allegation of lack of knowledge of these details on the part of the grand jury. *Common-*

*wealth* v. *Sawtelle*, 11 Cush. 144; *People* v. *Hunt*, 251 Ill. 446; *Merwin* v. *People*, 12 Am. Rep. 314.

This count follows the·form prescribed in Whitehouse and Hills Criminal Procedure, a form applicable, so far as the descriptive portion is concerned, to indictments brought under section 8 as modified by section 9, but insufficient in an indictment ·under section 10, although erroneously applied thereto.

The first count in the indictment and those which follow it in form are defective and to these counts the demurrer should have been sustained.

*Second Count.* Based on section 8, chapter 122 R.· S. All of the required elements of an indictment charging the taking and secreting property with intent to embezzle or fraudulently convert the same, are fairly and fully set forth in this count. It answers every demand of the statute and contains the additional allegations held necessary by our court.

In *State* v. *Stevenson* 91 Maine, 107, the requisites of such an indictment were stated to be that there should be set forth (1) Fiduciary relation, (2) Fraudulent conversion, (3) Larceny in apt phrase.

The last requirement is stated too broadly. One element in larceny is the original felonious taking. Such an averment in an indictment for embezzlement would be obviously objectionable, as such a taking would negative the necessary proposition of fiduciary relation, but with that limitation the rule may be accepted. Good authority demands that an indictment for embezzlement should conclude with the averment, "did feloniously, take, steal and carry away." *Commonwealth* v. *Pratt*, 132 Mass. 246. This was, without doubt, the averment which the court had in mind, in its use of the words "larceny in apt phrase."

The fiduciary relation must be declared. It is the basis of the charge. It was omitted in·the indictment discussed in *State* v. *Cates*, 99 Maine, 68, and the indictment held good on demurrer. But the demurrer was argued on other grounds and this particular defect was not called to the attention of the court. Had it been the ruling would have been otherwise as the court recognized the need of such an averment in distinct and specific language in the closing paragraph of the opinion, altho the fact that the indictment did not contain it was overlooked.

The count under consideration contains every necessary allegation. The property involved is described as "certain money to the amount of one thousand nine hundred fifty-seven dollars." Such a description would be insufficient under section 10. It is sufficient under section 8 because of the modification of that section by section 9; which provides that, in the class and kind of embezzlements described in section 8, "it is sufficient to allege generally * * * * money to a certain amount."

Similar provisions are found in the statutes of nearly all of the states and have been so construed. *Commonwealth* v. *Bennett*, 118 Mass. 452; *Jackson* v. *State*, 76 Ga. 551; *State* v. *Glaze*, 177 Iowa 457; *Butler* v. *State*, 81 S. W. 743; *Walker* v. *State*, 23 So. 149; *State* v. *Quackenbush*, 108 N. W. 953.

Respondent urges that the phrase "lawful money of the United States" is a necessary part of the description. In cases under statutes similar to this it has been invariably held otherwise. *Watson* v. *State*, 64 Ga. 61; *State* v. *Noland*, 111 Mo. 473; *Mills* v. *State*, 53 Neb. 263; *Edelhoff* v. *State*, 5 Wyo. 19.

It is objected that there is no allegation that the embezzlement took place without the "knowledge" of the owner. No such allegation is necessary. The words of the statute are "without his consent." The indictment follows the statute.

It is argued that altho the plain allegation appears that the property in question consisted of "certain money to the amount of one thousand nine hundred and fifty-seven dollars", the indictment is bad because it refers to the property as "said money and property." There is no confusion there. The precise property taken with intent to embezzle is definitely and sufficiently described. Money is property. The words, in the sense in which they are used and in view of the context, are synonymous. There was no necessity to use both of them. But no legal fault arises by their use. Demurrer does not lie to the second count, nor to those which follow it in form.

*Third Count.* Also based on section 8 and differing from the second count in that it charges the actual embezzlement of the property described instead of the taking with intent to embezzle.

These two counts could have properly been combined. *State* v. *Cates*, 99 Maine, 68. But it is not improper to separate them. Like the second count, the third count must be construed in the light of

the modifying provisions of section 9. So considered, all of the necessary allegations appear. The description of the property is "certain property and money of great value, to wit, of the value of one thousand nine hundred and fifty seven dollars." It is objected that this description is indefinite and ambiguous because it combines "money" and "property."

Any possible ambiguity is removed by the words which follow those quoted above; "did feloniously embezzle and fraudulently convert the same (meaning said sum of one thousand nine hundred and fifty-seven dollars) to his own use", and by the conclusion, "said money, said sum of one thousand nine hundred fifty seven dollars, feloniously did take, steal and carry away." There is no ambiguity when the count is taken as a whole. No demurrer lies to it nor to those following it in form.

Demurrer sustained as to the first count and those following its form. The remaining counts being adjudged good the entry should be,

*Exceptions overruled.*
*Respondent may plead anew.*