STATE OF MAINE *vs.* DONALD F. SNOW.

STATE OF MAINE *vs.* DONALD F. SNOW.

Penobscot.    Opinion, January 18, 1934.

*James D. Maxwell*, for the State.
*James M. Gillen*, for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

BARNES, J.   Two cases against Donald F. Snow, of Bangor, arose on indictments returned at the June term, 1933, each charging him with embezzlement. In one case the indictment sets out that while he was serving as executor in the estate of Harriett A. Wentworth, he was guilty of embezzlement; in the other case that while administrator of the estate of George W. Williams he committed the same crime. To these two indictments the respondent demurred, and reserved the right to plead anew, if demurrers were overruled.

The Justice in the lower court overruled the demurrers; respondent took exceptions, and the issue of the sufficiency of the indictments was argued as one case.

The demurrers are general, advancing against the validity of the indictments that they are defective in substance, and the defect relied upon in argument is that they allege embezzlement by the respondent of and from himself.

Possession and custody of the monies, goods and property of a deceased person, to an extent and for a time, is vested by statute law in an administrator or executor.

Prior to the enactments of the Legislature of 1893 the law prohibiting larceny and embezzlement was applied to the acts of persons in classes and groups enumerated in Chap. 120, R. S. 1883, and in those classes an administrator or executor was not included. By-laws of 1893, Chap. 241, the field of operation of the statutes against embezzlement was changed by the addition of the following paragraph:

"Whoever embezzles, or fraudulently converts to his own use, or secretes with intent to embezzle or fraudulently convert to his own use, money, goods, or property delivered to him, or any part thereof, which may be the subject of larceny, shall be deemed guilty of larceny."

From that time until this day that section stands as expressing the scope and extent of the statute against embezzlement now written in Sec. 10, Chap. 131, R. S.

Embezzlement is a statutory offense. As such it is punishable only as by statute provided and to the extent that the Legislature has specified. It is apparent that the Legislature of 1893 aimed to obliterate or correct a condition of mischief. What are the acts made criminal by the statutes, and who are the persons to be affected by them must be determined from the terms of the statute applicable. To what acts and to what persons they are applicable are to be found by their expression and by the necessary implication of their terms.

The mischief giving rise to our present statute must have been that persons entrusted with property of others, under conditions that rendered prosecution for larceny inapplicable, had converted to their own use that of which the eventual owners should not be deprived. The intent of the Legislature in correcting practice and obliterating evil can not be held, the respondent argues, to apply if the doer of the tortious act is an administrator or an executor, and the property at the time of conversion in his possession to carry out the mandate of probate law.

We hold such interpretation a fallacy. In this State an indictment charging in apt words that a person converted the property of another while in the possession of that person as an administrator or executor is good as against demurrer.

*Exceptions and demurrers overruled.*
*Respondent is entitled to plead anew.*