HUBBARD v. UNITED STATES.

No. 7772.

Circuit Court of Appeals, Ninth Circuit.

Oct. 28, 1935.

Anthony Savage, John J. Sullivan, and H. Sylvester Garvin, all of Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., and F. A. Pellegrini, Asst. U. S. Atty., both of Seattle, Wash., and Sam E. Whitaker, Sp. Asst. to the Atty. Gen.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

DENMAN, Circuit Judge.

The appellant, George D. Hubbard, United States Collector of Customs for Collection District 30, was jointly indicted with others in the District Court of Washington in two counts charging conspiracy. In a separate indictment, which was consolidated with the others for trial, Hubbard alone was named for violation of United States Criminal Code, § 97 (18 USCA § 183), providing for the punishing of any Internal Revenue officer "who shall embezzle or wrongfully convert to his own use any money or property which may have come into his possession or under his control in the execution of such office or employment."

The separate indictment alleged that Hubbard "did * * * knowingly, wilfully, unlawfully and feloniously convert to his own use and thereby embezzle" approximately 84 quarts of intoxicating liquor which had come into his possession and control in the course of execution of his office. Verdicts of acquittal were rendered in favor of all defendants on the conspiracy counts. Hubbard was convicted on the embezzlement charge, and appeals from judgment thereon. The evidence offered in support of the charge is summarized in the bill of exceptions as follows: "Thereupon the plaintiff to sustain the issue upon its part called several witnesses whose testimony tended to show that the defendant had unlawfully converted intoxicating liquor and alcohol to his own use, and he had delivered whis-

key and alcohol to the United States Coast Guard Service and to the United States Coast and Geodetic Survey without first obtaining authority so to do from the Commissioner of Customs as prescribed by the Regulation of the Secretary of the Treasury promulgated under the Tariff Act of 1930, and that he authorized, and certified to the destruction of intoxicating liquors and alcohol, which destructions had not been carried out in the manner prescribed by the Regulations of the Secretary of the Treasury promulgated under the Tariff Act of 1930."

The assignments of error raise issues only as to the sufficiency of the indictment and the propriety of certain challenged instructions.

■ The first matter for our consideration is the sufficiency of the indictment, brought here by seasonable demurrer, exception, and assignment of error. We think the indictment good against demurrer, although perhaps a bill of particulars might properly have been requested. The challenged pleading sufficiently describes the time, the place, the property converted, and the felonious nature of its misappropriation. A similar indictment was held good in Ford v. United States (C. C. A.) 3 F.(2d) 104, 105. It is unnecessary, in prosecutions under this statute, to allege ownership of the misappropriated goods in any particular person, United States v. Davis, 243 U. S. 570, 572, 37 S. Ct. 442, 61 L. Ed. 906; if it were required, the allegation that the liquor came into the defendant's possession by virtue of federal office is a sufficient statement that it was property of the United States. Hoback v. United States (C. C. A.) 284 F. 529, 532.

At the close of the trial the jury was charged generally as to both conspiracy and embezzlement. Notwithstanding that the general tenor of the instructions was admirably impartial and fair to the defendant, error crept in, prejudicial to the accused, and of such a nature as to make reversal mandatory.

On the embezzlement count, the judge charged as follows: "The Collector of Customs, during all of the times mentioned in the indictments, was an officer of the United States government. As a part of his duties there came into his possession and control alcohol and intoxicating liquors. It was his duty, as Collector of Customs, upon receipt of alcohol and intoxicating liquors that came into his possession and control, to cause the same to be destroyed unless the said alcohol and intoxicating liquors could be used for government purposes after authority for such use had been duly and regularly obtained from the Commissioner of Customs. Under the law he had no right to convert the alcohol or intoxicating liquors to his own use or to give it to any other person, or to exchange it for other alcohol without such authority. Therefore, if you find from the evidence that the defendant, George D. Hubbard, made any disposition of alcohol or intoxicating liquors other than the destruction of the same in accordance with the law, or the use of the same for governmental purposes after authority had been duly and regularly obtained, then the said defendant is guilty of the crime of embezzlement as charged."

■ In assigning the above instruction as error, appellant urges that it widens the scope of embezzlement far beyond the limits of that offense as set by long precedent and common understanding. Particularly objectionable, he asserts, is that portion of the charge which would make felonious any and every disposition of the liquor other than (1) destruction in accordance with law; (2) duly authorized use for governmental purposes. A brief review of judicial definitions of the term "embezzle" in United States Courts will demonstrate that appellant's point is well taken. Embezzlement is not a common-law offense, but a statutory engraftment of criminal liability upon a species of common-law conversion. It is generally taken to be the fraudulent or felonious conversion of property which has rightfully come into the possession of the converter. The statute under which the present indictment was laid uses the word "embezzle" without definition, but that the term is to be given the significance just indicated is made clear by the case of Moore v. United States, 160 U. S. 268, 271, 16 S. Ct. 294, 40 L. Ed. 422, construing a criminal statute similar to the one under consideration, in that the word "embezzle" is used without amplification. It was there said that the term has this settled technical meaning. In the later case of Grin v. Shine, 187 U. S. 181, 189, 23 S. Ct. 98, 47 L. Ed. 130, the Moore Case is approved, and it is remarked by Mr. Justice Brown that the word embezzlement is practically synonymous with wrongful conversion.

In this view of the matter, the instruction is at fault in that it makes any unauthorized disposition of the alcohol by the defendant an embezzlement. Under the instruction given, he might have used it for government purposes, within the general scope of his authority as a government agent, yet been convicted for the violation of some minor regulation having to do with such disposal. As pointed out in the argument, the defendant might have turned the contraband alcohol to a customary government purpose by using it as "Anti-freeze" in the radiators of government automobiles, or turned it over to the Coast Guard or the United States Coast and Geodetic Survey to be properly used in federal activities. The instructions would have it that either such course of action taken without full compliance with all of the procedural details by which authority so to dispose of the liquor was to be "duly and regularly obtained" would constitute an embezzlement. If the defendant's duty was to destroy the alcohol, there was enjoined upon him by a customs regulation that such destruction must be consummated in the presence of two witnesses. Destruction in the presence of only one would not be "in accordance with the law," and therefore, under the charge given, a heinous crime. Instructions cannot fail to be seriously prejudicial which dignify with the status of felony such minor infractions as, for example, the careless omission to write a required letter to the Commissioner of Customs before using the alcohol for purposes which normally would be authorized by the Commissioner's reply.

The vice in the instruction is that it leaves out of consideration the element of criminal intent. Assuming, without deciding, that such described infractions of regulations would constitute a civil conversion, yet to render a converter guilty of embezzlement, a crime involving "moral turpitude," there must exist intent on the part of the converter fraudulently or wrongfully to deprive the owner of the use of his property. If authority is needed for the elementary proposition that a felonious or fraudulent intent marks the broad distinction between civil conversion and criminal embezzlement, it will be found in a decision of this court, Lindgren v. United States, 260 F. 772, 777, wherein this proposition was stated without dissent, although the court was divided in its view of the evidence.

At a later point in the instructions the court dealt specifically with the element of intent as applied to conspiracy, and then continued in a general vein as follows: "Intent is an ingredient of crime. It is psychologically impossible for you to enter into the mind of the defendants and determine the intent with which they operated. You must, therefore, determine the motive, purpose and intent from the testimony which has been presented, and you will consider all the circumstances disclosed by the witnesses as testified to, bearing in mind that the law presumes that every man intends the legitimate consequences of his own acts. Wrongful acts, knowingly or intentionally committed, cannot be justified on the ground of innocent intent. The color of the act determines the complexion of the intent. Intent to defraud is presumed when the unlawful act is proved to have been knowingly committed."

In the absence of any definition or qualification of "wrongful" or "unlawful act" in the above charge, we cannot say that this instruction cures the previous omission to include the element of fraudulent intent. It inclines, rather, to sharpen the error. An intent to defraud cannot be presumed from an unlawful act which does not naturally bespeak fraud. As suggested, it would be unlawful to destroy the alcoholic liquors within the presence of but one of the two witnesses required by the regulations, yet such action by the defendant could not rightly be regarded as fraudulent as a mere inference from the act. The color of the act determines the complexion of the intent only in those situations where common experience has found a reliable correlation between a particular act and a corresponding intent. As was said in McDonald v. United States (C. C. A.) 9 F.(2d) 506, 508: "The legal quality and consequences of an act are not always apparent or definitely indicated."

Error is assigned to the following instruction: Speaking of Hubbard's disposal of the liquor, the court said: "If he gave it to one who was not entitled to its use and enjoyment, with the intent to deprive the true owner thereof, or permitted such person to take it and use it and enjoy it with the intent to deprive the true owner thereof, he is likewise guilty of embezzlement."

If the defendant wrongfully gave the liquor to a person not entitled to it instead

of enjoying it himself, he would nonetheless be guilty of embezzlement. For although both the statute and the indictment speak of conversion "to his own use," the quoted appendage is nothing but a carry over from common-law pleading in trover, and means no more than that the converter deprived the rightful owner of his property. Such was the early holding of the King's Bench, Keyworth v. Hill, 3 B. & Ald. 685, 687; Perkins v. Smith, Sayer, 40, 41; and such is the law in this court, Eureka County Bank v. Clarke, 130 F. 325, 328, certiorari denied 195 U. S. 631, 25 S. Ct. 788, 49 L. Ed. 353. Nor is there any error in the court's charge as to defendant's permitting another to take the property, providing that the second use of the phrase "with the intent to deprive the true owner thereof" is clearly in reference to the permitting by the defendant and not to the taking by another. Willful neglect of a legal duty animated by an intent to bring about an embezzlement would render the defendant guilty if his intent were fulfilled. If the issue arises again, however, the instruction should be phrased more definitely, as indicated.

▮ Although he made no request for such an instruction, defendant complains of the court's failure to instruct the jury upon the meaning of the term "wrongful conversion" as distinguished from "embezzlement." Assuming the point is properly before us, it is without merit. The indictment treats the two forms of expression as equivalent, and, in so doing, follows weighty precedent. Moore v. United States, 160 U. S. 268, 271, 16 S. Ct. 294, 40 L. Ed. 422; Grin v. Shine, 187 U. S. 181, 189, 23 S. Ct. 98, 47 L. Ed. 130. In view of the preservation, by these Supreme Court cases, of the earlier English distinction between larceny and embezzlement, it is manifest that the statutory "wrongful conversion" has a signification distinct from "embezzlement" only when the defendant's original possession of the property was unlawful, a situation not alleged in the instant case.

Other assignments of error either have been sufficiently considered in our discussion thus far, or have not been urged in the briefs. Those already considered require a reversal.

It cannot be determined whether the jury found that the defendant fraudulently converted the liquor to his own use or merely violated without fraudulent intent regulations of the Department concerning the disposition of such liquor. Consequently, the errors complained of were prejudicial.

Judgment reversed.