**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Leaun A. HARRELSON, Defendant.**

**Cr. No. 39651.**

United States District Court
E. D. Michigan, S. D.

Sept. 24, 1963.

**870**

Lawrence Gubow, Detroit, Mich., for the United States.

James E. Haggerty, Detroit, Mich., James C. Daner, Mt. Clemens, Mich., for defendant.

KAESS, District Judge.

The defendant's motion for judgment of acquittal has been taken under advisement under Rule 29(b), in order to permit further study of two questions:

1. Whether an appropriation to the defendant's personal advantage is an element of the offense of embezzlement, and

2. Whether a showing that the defendant caused a check to be drawn on a union account and given to another to provide funds for political purposes, with knowledge that such a disbursement was unauthorized, would be sufficient to support a conviction under the language "convert to the use of another."

A review of the authorities has convinced the court that the phrase "to his own use," which appears in many definitions of embezzlement, does not require a showing that the appropriation was to the personal advantage of the defendant, but serves to distinguish the uses of the property upon which it was entrusted. Thus, in this context, "to his own use" means simply "not to the use of the entruster." Cf. Hubbard v. United States, 9 Cir., 79 F.2d 850.

While the testimony of the Government's witnesses was not entirely consistent, it was for the jury to determine credibility and to draw inferences of fact. The evidence was sufficient to sustain inferences that the defendant had caused checks to be drawn on the account of Local 614, payable to Croteau, had picked them up and delivered them to Croteau, and had concealed their purpose by having false receipts prepared and entered in the union records.

The conversion need not be viewed as occurring solely at the time the defendant handed the check to Croteau. It consisted in the use of union funds for political purposes with knowledge that such use was unauthorized and with the intent to deprive the union of its use of the funds. That this was accomplished in an indirect manner does not place the defendant beyond the reach of the statute for the intent of Congress was to hold officers of labor organizations strictly to their responsibilities as fiduciaries for the funds entrusted to them.

The criminal provision, in broad terms, applies to "any person who embezzles * * * or unlawfully and willfully * * * converts to * * * the use of another, any of the moneys, funds, securities, property, or other assets of a labor organization of which he is an officer * * *, directly or indirectly." 29 U.S.C. § 501(c).

It is ordered that the defendant's motion for judgment of acquittal be denied.

It is further ordered that the defendant report to the Probation Department for a pre-sentence report.