STATE of Maine

v.

Ruth BULL.

Supreme Judicial Court of Maine.

Feb. 13, 1969.

Albert C. Blanchard, County Atty., Bangor, for plaintiff.

Errol K. Paine, Bangor, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE and WEATHERBEE, JJ.

WILLIAMSON, Chief Justice.

This is an appeal from an interlocutory ruling in the Superior Court denying the defendant's motion to dismiss an indictment charging larceny by embezzlement under 17 M.R.S.A. § 2107.[1]

■ The case was properly reported to us under Rule 37A(a) M.R.Crim.P.[2] to determine the validity of the indictment. In the event the indictment should be held invalid, the decision "would * * * finally dispose of the action." 3 Maine Pract.Rules (Glassman) § 37A.1. The de-fendant, being the party aggrieved, is treated as the appellant. Rule 37A(c), M.R.Crim.P.

■ In her brief she states two issues for review, thus abandoning a third issue in the Agreement and Order of Report. Rule 39 M.R.Crim.P.; Rule 75A(a) M.R. Civil P. The issues thus stated are: (1) Does the indictment charge sufficient facts to constitute the offense of embezzlement, as defined by the laws of Maine?; (2) Is 17 M.R.S.A. § 2108[3] unconstitutional under the Maine or Federal Constitution? Count (1) of the indictment charged:

"That on or about January 1, 1967, in the County of Penobscot, State of Maine, RUTH BULL, being then and there the agent, clerk and servant of Twin City Buick, Inc., a Corporation, did without the consent of her employer, and with intent to permanently deprive Twin City Buick, Inc., a Corpora-

1. "Sec. 2107. *Embezzlement or fraudulent conversion; receiver liable.*

If an officer, agent, clerk or servant of a person, copartnership or corporation, * * * embezzles or fraudulently converts to his own use, or takes and secretes with intent to do so, without the consent of his employer or master, any property of another in his possession or under his care, by virtue of his employment; * * * he is guilty of larceny and shall be punished accordingly."

2. "Rule 37A.(a) *Report by Agreement of Important or Doubtful Questions.*

The court may, where the defendant and the State so agree, report any proceedings to the Law Court if it is of the opinion that any question of law is involved of sufficient importance or doubt to justify the same, provided that the decision thereof would in at least one alternative finally dispose of the action."

3. "§ 2108. *Prosecution for embezzlement or conversion by cashier or other officer.*

In prosecutions for embezzling, fraudulently converting to one's own use, or taking and secreting with intent so to embezzle or fraudulently convert, the bullion, money, notes, bank notes, checks, drafts, bills of exchange, obli-gations or other securities for money, of any person, bank, incorporated company, copartnership, municipal or quasi-municipal corporation, public officer or tax collector, by a cashier or other officer, clerk, agent or servant of such person, bank, incorporated company, copartnership, municipal or quasi-municipal corporation, public officer or tax collector, or by such public officer or tax collector, it is sufficient to allege generally in the indictment an embezzlement, fraudulent conversion or taking with such intent, of money to a certain amount, without specifying any particulars of such embezzlement. At the trial, evidence may be given of such embezzlement, fraudulent conversion or taking with such intent, committed within 6 months before the time stated in the indictment. It is sufficient to maintain the charge in the indictment, and is not a variance, if it is proved that any bullion, money, note, bank note, check, draft, bill of exchange or other security for money, of such person, bank, incorporated company, copartnership, municipal or quasi-municipal corporation, public officer or tax collector, of whatever amount, was fraudulently embezzled, converted or taken with such intent by such cashier or other officer, clerk, servant, agent, public officer or tax collector, within such period of 6 months."

tion, of its property, embezzle and fraudulently convert a sum of money, to wit: $105.81, which was in her possession and under her care by virtue of her employment."

Each count of the indictment contained identical language except that the date of the offense and the amount of the money which had been embezzled was altered in accordance with the facts.

First issue: The knot of the problem is whether the words "to his own use" are essential to the validity of the indictment. The statute reads: "embezzles or fraudulently converts to his own use." The indictment reads: "embezzle and fraudulently convert." The indictment follows Form 9 in the Appendix of Forms to M.R.Crim. P. Such forms "are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate." Rule 58, M.R. Crim.P.

In State v. Rowe (Me.) 238 A.2d 217 (1968) we held Form 9 was sufficient to charge embezzlement under Section 2107 without negating the statutory exceptions for apprentices and persons under 16 years of age. The lack of the words "to his own use" in the indictment was not under attack and was not considered by counsel or the Court. The issue before us was therefore not decided in *Rowe.*

■ The defendant argues that the Supreme Judicial Court in promulgating rules of criminal procedure has no authority to alter or change substantive criminal law. We hasten to agree that the rule-making power is so limited.

Is, then, the indictment sufficient to charge the offense under the statute? The issue is given in terms of "the offense of embezzlement." Strictly, we are considering the statutory crime of larceny by embezzlement.

There is no dispute about the general principles. The difficulty arises in their application to the facts. "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Rule 7(c) M.R.Crim.P.; 3 Maine Pract.Rules (Glassman) Reporter's Notes p. 64, and §§ 7.3, 7.11. See also Maine Constitution Art. I, § 6; U.S.Constitution amend. VI, XIV.

In State v. Charette, 159 Me. 124, 126, 188 A.2d 898 (1963), we said:

"If the statute does not sufficiently set out the facts which constitute the crime, then the pleadings must contain a more definite statement of the facts."

\*   \*   \*   \*   \*   \*

"The test to be applied [to an indictment] is whether a respondent of reasonable and normal intelligence, would, by the language of the indictment, be adequately informed of the crime charged and the nature thereof in order to be able to defend and, if convicted, make use of the conviction as a basis of a plea of former jeopardy, should the occasion arise."

The defendant is charged with larceny of a special kind, that is to say, by embezzlement.

"Embezzlement is the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come. It differs from larceny in the fact that the original taking of the property was lawful, or with the consent of the owner, while in larceny the felonious intent must have existed at the time of the taking."

Moore v. United States, 160 U.S. 268, 269, 16 S.Ct. 294, 295, 40 L.Ed. 422 (1895).

Here lies the fraudulent appropriation or conversion "to his own use" found in the statute.

■ By the phrase "to his own use" the Legislature did not intend, for example,

that the money in the instant case must remain in defendant's possession or be used by her in person. The phrase "to his own use" means that the defendant deprived the owner of the benefit of the property entrusted to her.

Robin Hood could not have escaped a charge of embezzlement by reason of his intent that the conversion of property was not for his own use but for the use of persons whom he sought to benefit. The evil lies in depriving the owner of his property and is not lessened by the fact that the conversion may not be for the direct benefit of the taker.

In a civil action our Court held that it is not material whether conversion is to the defendant's use or to the use of another. In either event, the defendant is liable. In McPheters v. Page, 83 Me. 234, 22 A. 101 (1891), the defendant, proprietor of a meat market, sought to defend an action of trover on the ground that he did not keep the meat converted by him. The declaration, it appears from the record, was in the old form, stating that the defendant converted and disposed of the goods and chattels to his own use. Thus, on the civil side the phrase "to his own use" did not limit the action, and likewise in our view the phrase "to his own use" did not limit the indictment.

◼ We conclude that the phrase "and fraudulently convert" sufficiently and effectively describes the alleged conversion under our statute. The words "to his own use," although in the statute, are not necessary in describing the offense. The words "to his own use" have been said to be a mere appendage, and with this we agree.

In Hubbard v. United States, 79 F.2d 850 at p. 853 (C.A. 9 1935), the Court said:

"Error is assigned to the following instruction: Speaking of Hubbard's disposal of the liquor, the court said: 'If he gave it to one who was not entitled to its use and enjoyment, with the intent to deprive the true owner thereof, or permitted such person to take it and use it and enjoy it with the intent to deprive the true owner thereof, he is likewise guilty of embezzlement.'

"If the defendant wrongfully gave the liquor to a person not entitled to it instead of enjoying it himself, he would nonetheless be guilty of embezzlement. For although both the statute and the indictment speak of conversion 'to his own use,' the quoted appendage is nothing but a carry over from common-law pleading in trover, and means no more than that the converter deprived the rightful owner of his property. Such was the early holding of the King's Bench, Keyworth v. Hill, 3 B. & Ald. 685, 687; Perkins v. Smith, Sayer, 40, 41; and such is the law in this court, Eureka County Bank v. Clarke, 130 F. 325, 328, certiorari denied 195 U.S. 631, 25 S.Ct. 788, 49 L.Ed. 353."

See also United States v. Harrelson, 223 F.Supp. 869 (U.S.Dist.Ct.Mich.1963).

In Keyworth v. Hill, cited in *Hubbard*, supra, decided in 1820, the King's Bench held sufficient a declaration in trover against a husband and wife which stated that the defendants converted the property to their own use. The contention was that the wife could acquire no property and thus the conversion must be to the use of the husband. The several judges pointed out that the allegation of conversion to their own use did not necessarily import acquisition of property by them. Judge Bayley said, at p. 687:

"It seems to me, however, that in trover the foundation of the action is not the acquisition of property by the defendants, but the deprivation of property to the plaintiffs."

The Oregon Court, in State v. Ross, 55 Or. 450, 104 P. 596, 603, 42 L.R.A., N.S., 601 (1913), under a statute with the phrase "convert to his own use," held that

it need not be shown that the property was converted to the personal advantage of the defendant. The Court, after discussing the early cases and law, said:

"The term 'convert to his own use' is not descriptive of crime, but is used in criminal statutes as a legal term with a definite meaning, well understood, and is equivalent to the legal term 'conversion,' and this is the 'conversion to his own use' of our criminal statute, which declares that such a conversion of state money, by one who has received it for the state, shall constitute larceny."

The defendant has not established that she is placed in the slightest danger from the indictment. In our view she knows the offense of which she is charged and suffers no risk of being placed in jeopardy of the same offense in the future. The indictment, drawn in the words of Form 9, is valid. 161 Me. 618; Glassman, supra, p. 453.

In reaching the conclusion that "to his own use" is not an essential allegation in the indictment, we are aware that indictments in the past have included the phrase. See, for example, State v. Stevenson, 91 Me. 107, 39 A. 471 (1897) (Section 2107, as first enacted in Laws 1893, c. 241); State v. Snow, 132 Me. 321, 170 A. 62 (1934); Whitehouse & Hill, Directions and Forms Criminal Procedure Maine p. 92 (1912).

Second issue: The defendant asserts that Section 2108 violates our Constitution in allowing the State to prove that the crime was "committed within 6 months before the time stated in the indictment" and also to prove that the money allegedly embezzled was of "whatever amount." This is, we note, the first attack on the constitutionality of the section which has remained without change since it was enacted in P.L.1879, c. 151.

We are satisfied that Section 2108 does not deprive the accused of the right "to demand the nature and cause of the accusation," and "to be informed of the nature and cause of the accusation" under the Maine and Federal Constitutions, supra.

In 1875 the Massachusetts Court, in upholding the constitutionality of a statute in substance like our statute, said:

"Nor is it open to the objection, that the offence is not set forth 'fully and plainly, substantially and formally,' as required by the Declaration of Rights, art. 12. The defendant, if he had desired, could have applied for a specification of the particular acts relied on by the government; as may be done in other cases where the offence is of a general nature, and the charge is in general terms. Such an application might have been made at the trial, and granted by the court if in its discretion the circumstances of the case required it."

Commonwealth v. Bennett, 118 Mass. 443, 452 (1875).

See State v. Thomes, 126 Me. 230, 233, 137 A. 396 (1927), citing Com. v. Bennett with approval.

A bill of particulars under Rule 7(f), M.R.Crim.P. is available to the defendant to obtain the information desired. Glassman, supra § 7.14. It has been a familiar device in our criminal practice from days before the new Rules. We see no reason under the Constitution to narrow the operation of our modern procedures in this area of the criminal law.

The defendant, in our view, is sufficiently protected in her constitutional rights to a valid indictment in meeting the charge of larceny by embezzlement. Trial upon this indictment will not infringe upon her constitutional rights. The indictment is valid.

The entry will be:

Remanded to the Superior Court for action consistent herewith.